F. Christopher Austin
Nevada Bar No. 6559
*caustin@weidemiller.com*
**WEIDE & MILLER, LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, Nevada 89144
Tel. (702) 382-4804
Fax (702) 382-4805

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ADHERENCE d/b/a of MORISKY MEDICATION ADHERENCE RESEARCH LLC, a Nevada limited liability company, | Case No.: 2:24-cv-01590 |
| Plaintiff, | **FIRST AMENDED COMPLAINT FILED WITH CONSENT OF DEFENDANTS** |
| v. | **JURY DEMAND** |
| CVS PHARMACY, INC., a Rhode Island corporation; and ASEMBIA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Pursuant to Federal Rule Civil Procedure 15(a)(2), Plaintiff Adherence d/b/a of Morisky Medication Adherence Research, LLC, at the request, and with the written consent, of Defendants CVS Pharmacy, Inc., and Asembia, LLC, hereby files its First Amended Complaint substituting CVS Pharmacy, Inc., in the stead of CVS Health Corporation, as the proper CVS entity to be named in this action, and alleges as follows:

## NATURE OF ACTION

This is an action for trademark infringement, copyright infringement and unfair competition under federal statutes, with pendent claims for common law trademark infringement, deceptive trade practices, and intentional interference with prospective contractual relations.

Adherence was formed by Donald E. Morisky Ph.D., distinguished professor emeritus at the UCLA Fielding School of Public Health who dedicated his professional life to the study of medication adherence. His Morisky Medication Adherence Scales ("MMAS"), used world-wide,

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856          1          First Amended Complaint

are the "gold standard" for medical practitioners and researchers to predictively assess potential compliance issues patients may have with following medication protocols so that appropriate remedial and interventive actions can be taken to preserve the health and even the life of the patient. In 2023, Dr. Morisky assigned his federal trademark for MMAS® (Reg. No. 87775045), his federal copyright registrations for his 4-part and 8-part adherence scales (the MMAS-4© and MMAS-8©) (Reg. Nos: TX8285390 and TX8632533) and all related intellectual property owned by him to Adherence.

In the Fall of 2023, Adherence learned that Defendant CVS was using Adherence's Morisky trademarks, including MMAS®, MORISKY, MORISKY ADHERENCE SCALE, ("**Morisky Marks**") without a license or authority to offer a pirated version of the federally registered MMAS-4 and MMAS-8 ("**Morisky Copyrights**") to patients of its CVS Specialty Pharmacy on a daily basis throughout the country. CVS obtained the pirated version from Defendant Asembia who unlawfully included it in the Asembia-1 patient management software platform Asembia licensed to CVS. Adherence has now learned that CVS and Asembia have been using Morisky Marks and Copyrights without a license or any authorization and in violation of federal trademark and copyright laws since at least as early as 2016.

## **JURISDICTION**

1.     This Court has subject matter jurisdiction over this case pursuant to 17 U.S.C. §§ 101, et seq., 15 U.S.C. § 1121, and 28 U.S.C. §§1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) in that those claims arise out of a common nucleus of operative facts as the federal claims, and the Court's exercise of jurisdiction over the state law claims will promote judicial economy, convenience, and fairness to the parties.

2.     This Court has personal jurisdiction over Defendants because: (a) Defendants do business and/or actively solicit business in Nevada; (b) Defendants have continuous and ongoing business contacts with residents of Nevada, (c) Defendants have intentionally engaged in acts targeted to residents of and in Nevada that have caused harm to Adherence within Nevada; and

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                                    2                        First Amended Complaint

(d) Defendants have purposefully availed themselves of the privilege of conduction business in Nevada.

3.     Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 1391(b) and (c), and venue lies in the unofficial Southern Division of this Court, in that Defendants conduct business in and or subject to personal jurisdiction in this district and venue and in that a substantial part of the acts or omissions giving rise to the claims asserted herein occurred and/or had effects in this district and venue.

<strong><u>PARTIES</u></strong>

2.     Plaintiff Adherence is a Nevada limited liability company and the assigned owner of all Morisky IP, including the Morisky Marks, the Morisky Copyrights and all derivatives of the same. Adherence licenses the Morisky Marks and Copyrights to clinics and researchers for the purpose of improving patient adherence to life-saving medication protocols.

3.     Defendant CVS is a Rhode Island corporation that conducts business in every state and venue in the United States.  It touts itself as a health care services provider with clinics throughout the United States, including in this jurisdiction and venue where it and its affiliated entities are licensees of Defendant's Asembia-1 platform.

4.     Defendant Asembia is a Delaware limited liability company having an address of 200 Park Ave, Suite 300, Florham Park, New Jersey 07932, its subsidiaries, divisions and affiliated business units under its common control or ownership, include but are not limited to, ASPN Pharmacies, LLC, Bioridge Pharm, LLC, Reach RS OTM, LLC Asembia Specialty Pharmacy Summit, LLC, ApproveRx, LLC and Asembia Technology, LLC (collectively, as appropriate, "Asembia"). Asembia conducts business throughout the United States to market, offer, license, and support its infringing Asembia-1 platform.

<strong><u>ALLEGATIONS COMMON TO ALL CLAIMS</u></strong>

5.     This case arises from the eight or more years that CVS and Asembia have unlawfully infringed the Morisky Trademarks and Morisky Copyrights, and from CVS's interference with Adherence's prospective contractual relationship with Aetna Inc.

**A.     Origin of the Morisky Medication Adherence Scales.**

Weide & Miller, Ltd.
10655 Park Run Drive
Suite 100
Las Vegas,
Nevada 89144
(702) 382-4804

fca-1856                                    3                        First Amended Complaint

6.      Dr. Morisky received a Master of Science degree in 1977 and a Doctor of Science degree in 1981, both from Johns Hopkins School of Hygiene and Public Health (Behavioral Sciences and Health Education).

7.      Thereafter Dr. Morisky led a 36-year career as a professor and visiting professor at prestigious health and science universities and programs, including Johns Hopkins University, University of Hawaii, China Medical University, Taiwan, National Yang-Ming University, Taiwan, and the University of California at Los Angeles (UCLA).

8.      Dr. Morisky concluded his full-time professorship at UCLA in 2017, after approximately 35 years of distinguished service as a Tenured Professor, a Vice Chair, and later Chair of the Department of Community Health Sciences, and as the Program Director for the Masters of Public Health for Health Professionals Program (MPH-HP).

9.      Dr. Morisky attained Emeritus status in 2017 and continues to serve in that capacity as a Professor of Public Health at UCLA Fielding School of Public Health for the Department of Community Health Sciences.

10.      Dr. Morisky also continues to serve as a Distinguished Chair Visiting Professor for Kaohsiung Medical University, Kaohsiung City, Taiwan; the Distinguished Visiting Professor for China Medical University, School of Public Health, Taichung City, Taiwan; the Distinguished Visiting Professor for the Taiwan Medical University, College of Public Health and Nutrition, School of Public Health, Taipei; Senior Associate for the Charles R. Dre Post Graduate Medical School, Department of Internal Medicine; Associate for the UCLA Jonsson Comprehensive Cancer Center; and as an Associate for Johns Hopkins University, School of Hygiene and Public Health, Department of Behavioral Sciences and Health Education.

11.      Dr. Morisky has been the recipient of two major NIH grants in connection with his work; has received numerous honors, including "Distinguished Fellow, American Academy of Health Behavior and the Society of Public Health Education, Top 10 CBPR Intervention Program (HIV/AIDS Prevention Program Archive for Developing Countries), Program Excellence Award for "Behavioral Research in Support of HIV/AIDS Prevention

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                                      4                          First Amended Complaint

in the Philippines, and numerous others. He has published over 30 books, book chapters or monograms and has authored or co-authored over 300 articles in peer-reviewed journals, in addition to numerous seminar presentations and speaking engagements for over three decades.

12.    Dr. Morisky is known world-wide as the foremost expert on identifying and remediating the life-threatening risks associated with the failure of patients to comply with medication protocols. Medical practitioners and clinicians have long known that patients too often die from avoidable complications with terminal or chronic illnesses simply because they fail to take their medication as prescribed.

13.    Dr. Morisky's life work has been to provide successful, proven and scientifically replicable protocols that literally extend and save the lives of patients with terminal and chronic illnesses by promptly identifying potential compliance issues and pre-emptively providing timely, scaled, and tailored intervention protocols.

14.    Dr. Morisky's work in this field commenced with his doctoral dissertation in 1982 which focused on the long-term outcomes of 400 hypertensive patients who were given educational counseling on the importance of taking their prescription medications as directed as opposed to a control group who did not receive such additional counseling.

15.    This was one of the first studies in the field. The findings were so impressive as to result in its publication in the prestigious American Journal of Public Health in 1983, and the adoption of the counseling intervention by the National Heart, Lung, and Blood Institute.

16.    The impact of educational intervention and the use of targeted questionnaires as part of that process was also published in the influential peer-reviewed journal, Medical Care in 1986. Thereafter, the questionnaire became known in medical literature around the world as the "Morisky, Green and Levine Medication Adherence Questionnaire ("MGL MAQ"). The article has subsequently been cited in medical literature over 3500 times.

17.    In the same year, 1986, after engaging in numerous research focus group sessions with patients, Dr. Morisky identified four simple yet critical questions, that upon

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                                    5                        First Amended Complaint

clinical study, proved to effectively predict medication adherence. This four-part questionnaire became known as the "Morisky Medication Adherence Scale" or "MMAS" and is now known as the "MMAS-4."

18.    From 1993 to 1997, Dr. Morisky worked as an external consultant on a NIH (National Institutes of Health) research grant at the Martin Luther King Drew Medical Center in Los Angeles to refine and improve the MMAS. The focus of this research was not merely to identify potentially non-compliant patients, but importantly, to inform the medical practitioner of exactly "why" the patient was not likely to take the prescribed medication.

19.    This process took years of study and clinical trials to perfect. The result was Dr. Morisky's development of a simple eight-part questionnaire that could provide tailored and targeted information to a medical practitioner sufficient to effectively implement a counseling and intervention protocol for the provider's patients, potentially extending or saving their lives.

20.    To distinguish this eight-part questionnaire it is called the "MMAS-8", and the four-part questionnaire thereafter has consistently been identified as the "MMAS-4." Collectively, the two scales are known as the "Morisky Medication Adherence Scales" (herein, simply the "Morisky Scales").

21.    In the process of creating the Morisky Scales, Dr. Morisky also perfected the scoring protocols required to accurately quantify likely medication adherence and identify appropriate interventions. These processes are known as the "Morisky Medication Adherence Protocol" (herein, the "Morisky Protocol").

22.    The original MMAS studies were on adherence for hypertensive patients. Since 1983, Dr. Morisky, in collaboration with over 500 researchers throughout the world, has continued to assess the adherence predictive success of the MMAS-4 and MMAS-8 in an ever-expanding array of medication regimens for a wide range of various chronic and terminal illnesses.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                                     6                          First Amended Complaint

23.     In addition, Dr. Morisky has worked with international researchers, the International Linguistic Institutes, MAPI, and Corporate Translations, Inc., to translate the Morisky Scales and Morisky Protocol into over 80 different languages.

24.     The Morisky Scales are considered the "Gold Standard" world-wide in peer-reviewed journals for the assessment and remediation of patient medication adherence.

**B.     The Morisky Copyrighted Works**

25.     By operation of federal copyright law, Dr. Morisky is the copyright owner of all writings, articles, books, chapters, monograms, seminar materials, speeches and presentations, and audio and visual works authored by him.

26.     Included within this body of copyright protected works owned by Dr. Morisky are the MGL MAQ (as a co-owner with other authors), the Morisky Scales (MMAS-4 and MMAS-8), and the Morisky Protocols.

27.     While federal copyright registration is not required under federal copyright law to secure ownership of copyrights, registration does provide the holder with presumptive proof of such ownership.

28.     On June 12, 2016, the United States Copyright Office issued a Copyright Registration to Donald E. Morisky, Registration No. TX0008285390, for the "Morisky Medication Adherence Scale (4-item)" (the "MMAS-4 Copyright"). A true and accurate copy of that registration is attached hereto as **Exhibit 1**.

29.     On September 21, 2018, the United States Copyright Office issued a Copyright Registration to Donald E. Morisky, Registration No. TX0008632533, for the "Morisky Medication Adherence Scale (8-item)" (the "MMAS-8 Copyright"). A true and correct copy of this registration is attached hereto as **Exhibit 2**.

30.     Under federal copyright law, ownership of a copyright can only be transferred by an assignment in writing.

31.     On June 8, 2023, Dr. Morisky assigned the Morisky Copyrights and all related intellectual property rights to Adherence.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                                         7                      First Amended Complaint

32.     The MMAS-4 and MMAS-8 Copyrights remain the exclusive property of Adherence.

**C.     The Morisky Marks**

33.     By operation of federal trademark law, Dr. Morisky's name, MORISKY, MORISKY MEDICATION ADHERENCE SCALE, and MMAS, (collectively, the "Morisky Marks") have acquired trademark rights in connection with the provision of diagnostic procedures to assess adherence to medication protocols, and in connection with identifying and proscribing compliance and intervention protocols and other related goods and services offered in connection with the same.

34.     These terms do not merely identify Dr. Morisky, but also function as secondary source identifiers in that they also identify the source of such diagnostic and intervention protocol and related goods and services. As such, the Morisky Marks are protectable marks under federal trademark law.

35.     Under federal trademark law, Dr. Morisky, as the first person to use in commerce the Morisky Marks was the sole and exclusive owner of such marks, including without limitation any domain names comprised of or confusingly similar to such marks or that employ the mark "MORISKY" or "MMAS" as part of such domain name in connection with the offering of similar goods and services. Attached as **Exhibit 3** is a true and correct copy of the federal trademark registration for the MMAS mark (Reg. No. 5837273).

36.     On June 8, 2023, Dr. Morisky assigned the Morisky Marks to Adherence along with all related Morisky IP. As such, under federal trademark law, the Morisky Marks are the exclusive property of Adherence, and they have not been assigned or transferred to any other person.

**D.     Adherence Expands Clinical Licensing of Morisky Medication Adherence Scales**

37.     Dr. Morisky formed Adherence to expand the application of his Morisky Medication Scales in clinics and medical practices.  Throughout much of Dr. Morisky's academic career, the application of the Morisky Scales largely focused on providing licenses

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                                          8                          First Amended Complaint

1    to medical researchers worldwide to test and expanding array of applications for the Scales,

2    providing evidence-based solutions for medication adherence.

3        38.    The ultimate purpose of such medical research was its application in the

4    clinical environment to individual patients.

5        39.    Adherence not only continues to license the Morisky Marks and Scales for

6    research purposes, but to better fulfill the ultimate purpose of that research Adherence has

7    increased its licensure of clinics to help individual patients.

8    **E.    Infringement by Defendants of the Morisky Marks and Copyrights**

9        40.    In September of 2023, Adherence Chief Executive Officer, Philip Morisky,

10    connected on Linkedin with Lead CVS Specialty Pharmacist Ali Mohempour, PharmD.  In

11    response, Dr Mohempour sent the following:

12

13    SEP 18

14    **Ali Mohempour, PharmD** · 5:22 pm
Philip, it's a pleasure connecting with you! We
use MMAS-4 and MMAS-8 eve try single day
via Asembia-1 clinical platform...thank you for
everything you and you father have done for
improving patients' lives.

18    *every

19

20        41.    Mr. Morisky was immediately taken aback by this message, as neither CVS

21    nor Asembia (or any of their affiliates) had ever been licensed to use the MMAS-4© or

22    MMAS-8© or the related MMAS® trademark. A true and correct copy of this message is

23    attached hereto as **Exhibit 4**

24        42.    On September 21, 2023, Mr. Philip Morisky reached out to Asembia VP,

25    Clinical Operations & Technology, Veena Chien, who confirmed that "the MMAS-3 [sic]

26    and MMAS-8 scales are included in our [Asembia-1] standard scripting across most if not all

27    disease state protocols."  A true and correct copy of this correspondence is attached hereto as

28    **Exhibit 5.**

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                                          9                          First Amended Complaint

43.     Thereafter, Mr. Morisky met personally with Dr. Mohempour and asked him how long CVS had been using the MMAS-4 and MMAS-8 within the Asembia-1 platform. Dr. Mohempour's response was: "Ever since we [CVS] received URAC accreditation."

44.     CVS received URAC accreditation on April 5, 2016.  On April 5, 2016, CVS issued a press release announcing, "today that CVS Specialty, the company's specialty pharmacy, has been awarded Specialty Pharmacy accreditation from URAC, a Washington, DC-based health care accrediting organization."  A true and correct copy of this 2016 CVS press release is attached hereto as **Exhibit 6**.

45.     On information and belief, as part of its URAC accreditation, CVS sought to implement a medication adherence protocol for use with its specialty pharmacies.

46.     On information and belief, as part of its efforts to be a solution for specialty pharmacies seeking URAC accreditation, Asembia recognized the importance of implementing as part of its Asembia-1 platform a medication adherence protocol.

47.     Asembia prominently touted the "adherence monitoring" services provided by its Asembia-1 platform to market the platform.  Attached as **Exhibits 7, 8, and 9** are Asembia publications prominently advertising the adherence monitoring services provided by the Asembia-1 platform that Asembia pirated from Adherence.

48.     Exhibit 9 is notable. It is an HMG Global article summarizing an interview with Arpan Patel, Rph, MBA, SVP Trade, Technology, & Patient Access at Asembia. Dr. Patel confirms that a core component of the Asembia-1 is its ability to "improve adherence and outcomes" which it purports to do by the pirated Morisky Scales.

49.     Dr. Patel further reports in that interview that the Asembia-1 platform was projected in 2018 to reach a "referral volume" of 3000 per day.

50.     On October 12 and 13, 2023, Mr. Morisky reached out to Lucille Accetta, Senior Vice President and Head of CVS Specialty Operations at CVS Health.  Mr. Morisky knew of Ms. Accetta, as she was a former executive of Teva Pharmaceuticals, and Teva was a licensee of the Morisky Scales.  As such, Mr. Morisky reasonably believed that she would

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                                    10                        First Amended Complaint

be aware that CVS would have to have a license to use the MMAS-4 and MMAS-8 in its Specialty Operations.

51.    Mr. Morisky asked Ms. Accetta if she could confirm when CVS commenced the integration of the MMAS-4 and MMAS-8 scales, the total number of patients who utilized them and the identity of the party responsible for initiating their integration.

52.    Ms. Accetta acknowledged receipt of the October 13th message but did not respond to any of Mr. Morisky's questions. A true and correct copy of this correspondence is attached hereto as **Exhibit 10**.

53.    After other attempts to obtain information regarding the commencement and scope of the use of the Morisky Marks and Copyrights by Defendants, Adherence was referred to Asembia's outside counsel.

54.    Counsel for Adherence reached out to Asembia's counsel. Counsel engaged in good faith efforts to seek to resolve the dispute with Asembia's counsel over the course of several months of meetings, including a video conference on February 21, 2024, without success.

55.    Thereafter, Asembia directed Adherence to discuss Adherence's efforts to resolve the matter with a different outside counsel, Vince Cohen, at Dechert LLP.

56.    Adherence's counsel contacted Mr. Cohen and requested information reasonably necessary to assess the scope and scale of the infringement to which Asembia had admitted.

57.    Specifically, Adherence requested that Asembia confirm the date it commenced infringing the Morisky Marks and Copyrights, the total number of licensees of the infringing Asembia-1 platform, the identity of such licensees, the fees paid for such licensing, and the profit Asembia made from such licensing—all information Adherence needs to make a reasonable settlement offer.

58.    In response, Mr. Cohen stated that Asembia would not engage in "free discovery" that Asembia was going to make Adherence suffer more by requiring Adherence

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                                    11                          First Amended Complaint

to unnecessarily incur the costs and legal fees of a federal lawsuit to get Asembia to disclose the information to which Adherence is entitled under federal law.

59.    Mr. Cohen's response on behalf of Asembia terminated Adherence's attempts, made in good faith, to resolve the matter amicably, requiring Adherence to file suit against Asembia to secure the discovery to which it is entitled under the Federal Rules of Civil Procedure to assess the scope and scale of Asembia's infringement of the Morisky Marks and Copyrights.

**F.    CVS's Intentional Interference with Adherence's Prospective License with Aetna.**

60.    In March of 2024, Lauren Smicherko, Sr. Program Manager, Aetna Medicaid Care Management Program Integrity, contacted Adherence and submitted a MMAS Subscription request form in which Aetna expressed "interest in obtaining a license for the Morisky Scales. A true and correct copy of Ms. Smircherko's email is attached hereto as **Exhibit 11**.

61.    CVS's executive Lucille Accetta learned of the pending license negotiations between Aetna and Adherence from Mr. Morisky when Mr. Morisky was requesting information from CVS regarding its unauthorized use of the Morisky Marks and Copyrights.

62.    CVS owns Aetna, Inc.

63.    On information and belief,  Ms. Accetta directly or indirectly contacted Ms. Smircherko on behalf of CVS and directed her and Aetna not to do business with Adherence and to cease any further communications with Mr. Morisky on the pending license Aetna had sought.

64.    Thereafter Ms. Smircherko refused to respond to any further communications she had originally requested of Mr. Morisky regarding Aetna's prospective licensure of the Morisky Scales.

65.    CVS's actions intentionally and wrongfully interfered with and blocked the pending prospective license of the Morisky Scales to Aetna.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                                            12                          First Amended Complaint

**G.    Asembia Unlawfully Misappropriated Adherence's Market by Asembia's Unauthorized Licensure to Prospective Licensees of the Morisky Scales**

66.    Asembia boasts that it has licensed the Asembia-1 platform to a numerous and growing list of prominent specialty pharmacies, clinical providers, and other related companies, including, on information and belief, the following:

- Walgreens
- Acentrus
- Best RX
- CarePoint Guardian RX
- Change Healthcare
- Computer RX
- Datascan
- EPIC
- Liberty Software
- McKesson
- New Leaf
- Pioneer RX
- Prime RX
- QS/1
- RX-1
- RX-30
- Speed Script
- SuiteRX
- SureScripts
- VPL
- Care Pharmacies
- ASPN

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                                13                    First Amended Complaint

67.     Many if not all of the above companies are also companies to which Adherence seeks to market the licensure of its Morisky Scales.

68.     However, because Asembia has licensed a pirated version of the Adherence Morisky Scales to these companies, Asembia has unlawfully taken the license fees to which Adherence would have been entitled for such licenses.

69.     Asembia's actions have unlawfully misappropriated Adherence's market for its Morisky Scale goods and services, harming Adherence.

70.     Further because the pirated Morisky Scales used in the Asembia-1 platform are incorrectly scored and patients are thereby incorrectly counseled, Asembia's infringement of the Morisky Marks and Morisky Copyrights has tarnished and damaged the reputation of Adherence, irreparably harming it.

71.     In addition to irreparably harming Adherence by infringing and tarnishing its Morisky Marks and infringing its Morisky Copyrights, the actions of Defendants as alleged herein have cost Adherence the loss of untold millions of dollars in license and related fees over the preceding 8 years of Defendants' infringing actions.

## **FIRST CLAIM FOR RELIEF**

### (Trademark Infringement – 15 U.S.C. § 1125)

72.     Plaintiff repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

73.     As a direct result of Plaintiff's longstanding use, sales, advertising, and marketing, the Morisky Marks have acquired a secondary and distinctive meaning among the relevant public who have come to identify the Morisky Marks with Plaintiff's services and products, including without limitation the Morisky Scales and related goods and services.

74.     Defendants have pirated the Morisky Scales and offered medication adherence testing and counseling under marks that are not merely confusingly similar to the Morisky Marks but that are identical to them for the unlawful purpose of appropriating the Morisky Marks for Defendants exclusive use.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                                    14                          First Amended Complaint

75.    By so doing, Defendants have provided goods and services under terms that duplicate and appropriate the Morisky Marks and are likely to confuse the public into falsely believing that Plaintiff approves, authorizes, or sponsors the goods and services offered by Defendants when Plaintiff does not by among other things using the MMAS and MORISKY Marks in connection with services offered on the Asembia-1 platform.

76.    By misappropriating and using the Morisky Marks in connection with the license and use of the Asembia-1 platform, Defendants are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin, approval and sponsorship of Defendants' goods and services.

77.    Defendants have caused such goods and services to enter into interstate commerce willfully and with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that Defendants' goods and services are authorized by Plaintiff when they are not.

78.    These acts constitute a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

79.    Defendants have obtained gains, profits, and advantages as a result of their unlawful acts.

80.    As a direct and proximate result of Defendants' acts, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.  Plaintiff is entitled to injunctive relief and the recovery of all damages incurred thereby and including its attorney's fees and costs.

81.    Defendants have unlawfully obtained gains, profits, and advantages as a result of their unlawful acts.

## SECOND CLAIM FOR RELIEF

(Copyright Infringement - 17 U.S.C. § 101 et seq.)

82.    Plaintiff repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                                          15                         First Amended Complaint

83.     Plaintiff owns the exclusive rights to Morisky Copyrights, which have significant value backed by decades of research and which were authored at considerable expense.

84.     At all relevant times, Plaintiff has been the sole holder of all copyrights infringed by Defendants.  The MMAS-4 and MMAS-8 Copyrights are the subject of valid Certificates of Copyright Registrations.

85.     Without permission or consent, Defendants have engaged in direct infringement, contributory infringement, and/or vicarious infringement of the Morisky Copyrights or either of them.

86.     Defendants have directly infringed the Morisky Copyrights or either of them by copying or reproducing assessments that are identical to or substantially similar to the Morisky Copyrights or either of them without permission from Adherence or Dr. Morisky.

87.     Additionally, or alternatively, Defendants or either of them, while having actual or constructive knowledge of direct infringement of the Morisky Copyrights, have contributorily infringed the Morisky Copyrights or either of them by materially contributing to such direct infringement of the Morisky Copyrights.

88.     Additionally, or alternatively, Defendants are vicariously liable for infringement of the Morisky Copyrights in that Defendants or either of them had a right to control the infringing activity, and Defendant or either of them derives a financial or commercial benefit from the infringement.

89.     Specifically Defendants or either of them by wrongfully offering licenses to third-parties to copy and or use copies of the Morisky Copyrights have permitted, facilitated and materially contributed to the extensive infringement of Plaintiff's exclusive rights under The Copyright Act by or with others.

90.     In doing so, each Defendant has directly, indirectly, contributorily and/or vicariously violated Plaintiff's exclusive rights of at least reproduction, preparation of derivative works, and distribution of the Morisky Copyrights.

91.     Each of the actions of the Defendants described herein constitute infringement of Plaintiff's exclusive rights protected under 17 US.C. § 101 et seq.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                                    16                      First Amended Complaint

92.    The Morisky Copyrights contains copyright notices advising the user that the Morisky Copyrights are protected by federal copyright laws. Each of the Defendants' actions with respect to copyright infringement and other acts described herein were made with knowledge of Plaintiffs ownership of the copyrights in the Morisky Scales.

93.    The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

94.    Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing the Morisky Copyrights and ordering that each Defendant destroy all copies in any format, including digital translations and derivatives based on or utilizing any of the Morisky Copyrights in violation of the Copyright Act.

95.    By reason of the foregoing acts, if such remedy is elected at trial, Plaintiff is entitled to statutory damages from each Defendant pursuant to 17 USC §504, et seq. Alternatively, at Plaintiff's election, Plaintiff is entitled to its actual damages incurred as a result of each Defendants' acts of infringement plus any profits of Defendants attributable to the infringements in an amount of at least $100,000.00.

96.    The foregoing acts of infringement have been willful or willfully blind, intentional, and in disregard of, and with indifference to, the copyrights of Plaintiff.

97.    As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to his attorneys' fees and costs pursuant to 17 US.C. § 505.

### THIRD CLAIM FOR RELIEF

(Common Law Trademark Infringement)

98.    Plaintiff repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

99.    By virtue of having used and continuing to use the Morisky Marks, Plaintiff has acquired common law rights in each of those Marks.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                    17                    First Amended Complaint

100. Defendants' use of a mark identical and/or confusingly similar to any of the Morisky Marks infringes Plaintiffs' common law rights in its marks.  This use is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' services, and or products originate from, or is affiliated with, or endorsed by Plaintiff when, in fact, it is not.

101.  As a direct and proximate result of Defendants' infringement of Plaintiff's common law trademark rights, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to his business, reputation, and goodwill.  Plaintiff is entitled to recover all damages incurred thereby and to recover its attorney's fees and costs.

### FOURTH CLAIM FOR RELIEF

#### (Deceptive Trade Practices under N.R.S. § 598.0915)

102.  Plaintiff repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

103.  Defendants knowingly made false representations as to affiliation, connection and/or association with Plaintiffs by using a mark or marks that are confusingly similar to Plaintiff's Morisky Marks and otherwise engaged in deceptive trade practices.

104.  As the direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill. Plaintiff is entitled to recover all damages incurred thereby and to recover its attorney's fees and costs.

### FIFTH CLAIM FOR RELIEF

#### (Intentional Interference with Prospective Contractual Relations)

105.  Plaintiff repeats and realleges the allegations in the previous Paragraphs as if fully set forth and incorporates them herein by reference.

106.  Plaintiff had a prospective contractual relationship with Aetna to license the Morisky Scales to Aetna.

107.  Defendant CVS had knowledge of the prospective relationship between Plaintiff and Aetna.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                                18                        First Amended Complaint

108. Defendant CVS intended to harm Plaintiff by preventing the prospective relationship between Plaintiff and Aetna.

109. Defendant CVS had no privilege or justification for its acts in preventing the prospective relationship between Plaintiff and Aetna.

110. As the direct and proximate result of Defendant CVS's conduct, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill. Plaintiff is entitled to recover all damages incurred thereby, including compensatory, consequential, and exemplary damages, and to recover its attorney's fees and costs.

## DEMAND FOR TRIAL BY JURY

Plaintiff Adherence hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A.     That Defendants, their agents, servants, employees, representatives, successors and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of said Defendants, be immediately and permanently enjoined from engaging in any use of the Morisky IP, including:

1.     Directly, indirectly, contributorily or vicariously infringing the Morisky Copyrights or any derivatives of the same, including, but not limited to, copying, use, or the licensure of any of the Morisky Scales or any derivatives of the Morisky Scales that are identical or substantially similar to the Morisky Scales;

2.     Advertising, selling and/or offering for sale and good or service involving the provision of any of the Morisky Scales, the scoring of the same, training regarding the same, or any services regarding the same;

3.     Directly or indirectly infringing the Morisky Marks in any manner, including, but not limited to, distribution, advertising, selling, licensing and/or offering for sale or license any good or service which infringes the Morisky Marks, including any mark that is confusingly similar

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                                19                        First Amended Complaint

1  to any of the Morisky Marks;

2      4.    Engaging in any conduct that tends falsely to represent that, or is likely to confuse,

3  mislead or deceive the licensees or purchasers of Defendants, Defendants' customers and/or

4  members of the public to believe the actions of Defendants, the goods or services offered, sold or

5  licensed by Defendants, or Defendants themselves are connected with Plaintiff, are sponsored,

6  approved or licensed by Plaintiff or are in some way affiliated with Plaintiff;

7      5.    Affixing, applying, annexing or using in connection with the distribution,

8  advertising, sale, license and/or offer for sale or license or any other use of any good or service

9  under a false description or representation, including words or marks tending to falsely claim

10  Plaintiff authorized or approved the use, license or sublicense of, or transferred to Defendants or

11  any of them any interest in, the Morisky Copyrights and/or the Morisky Marks; or

12      6.    Otherwise competing unfairly with Plaintiff in any manner;

13  B.    That Defendants be required to pay actual damages increased to the maximum extent

14  permitted by law and/or other applicable damage at Plaintiff's election;

15  C.    That Defendants account for and pay over to Plaintiff all damages sustained by Plaintiff

16  and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that

17  those profits be increased as provided by law;

18  D.    That a judgment against Defendants jointly and severally be entered in favor of Adherence

19  in an amount in excess of the statutory minimum of $100,000 as proven at trial on all claims for

20  damages as set forth in this Complaint;

21  E.    An order awarding Adherence compensatory and consequential damages for all claims as

22  set forth in this Complaint;

23  F.    An order awarding Adherence exemplary and punitive damages;

24  G.    An order awarding Adherence its costs of suit, attorney's fees, and interest on the same;

25  H.    An order pursuant to the Copyright Act awarding Adherence its costs, inclusive of

26  attorney's fees, incurred in prevailing on its copyright infringement claims;

27  I.    An order pursuant to the Lanham Act awarding Adherence its costs and fees incurred in

28  prevailing on its trademark infringement claims; and

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                            20                    First Amended Complaint

1    J.      That Adherence be awarded any and all other and further relief as the Court may deem

2    just and proper under the circumstances.

3              DATED: October 11, 2024.

4                                                        Respectfully Submitted,

5                                                        **WEIDE & MILLER, LTD.**

6

7                                                        */s/ F. Christopher Austin*
                                                         F. Christopher Austin
8                                                        10655 Park Run Drive, Suite 100
                                                         Las Vegas, NV 89144
9
                                                         *Attorneys for Plaintiff Adherence*
10

11   **DEFENDANTS' CONSENT TO FILING OF FIRST AMENDED COMPLAINT**

12            Pursuant to Fed.R.Civ.P. 15(a)(2), Defendants CVS and Asembia, by and through counsel,

13   hereby consent to the filing of Plaintiff's First Amended Complaint.

14

15                                                       */s/ Chad R. Fears*
                                                         Chad R. Fears (SBN 6970)
16                                                       cfears@efsmmlaw.com
                                                         **EVANS FEARS SCHUTTERT**
17                                                       **MCNULTY MICKUS**
                                                         6720 Via Austi Parkway, Suite 300
18                                                       Las Vegas, NV 89119
                                                         (702) 805-0215
19

20

21                                                       *Attorneys for Defendants CVS Pharmacy, Inc.*
                                                         *and Asembia, LLC*

22

23

24

25

26

27

28

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

fca-1856                                    21                          First Amended Complaint