1

2

3

4

Chad R. Fears, Esq. (SBN 6970)
EVANS FEARS SCHUTTERT MCNULTY
MICKUS
6720 Via Austi Parkway, Suite 300
Las Vegas, Nevada 89119
Telephone:  702-805-0290
Facsimile:  702-805-0291
Email: cfears@efsmmlaw.com

5

6

*Attorneys for Defendants CVS Pharmacy, Inc. and
Asembia, LLC*

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10

11

12

13

14

15

16

17

ADHERENCE d/b/a of MORISKY
MEDICATION ADHERENCE RESEARCH
LLC, a Nevada limited liability company,

               Plaintiff,

     v.

CVS PHARMACY, INC., a Rhode Island
corporation; and ASEMBIA, LLC, a Delaware
limited liability company,

               Defendants.

**Case No. 2:24-cv-01590-JCM-NJK**

**DEFENDANTS CVS PHARMACY,
INC. AND ASEMBIA, LLC'S
PARTIAL MOTION TO DISMISS
FIRST AMENDED COMPLAINT**

18

19

20

21

22

     Pursuant to Federal Rule of Civil Procedure 12(b)(6), the undersigned attorneys of record
for defendants CVS Pharmacy, Inc. and Asembia, LLC hereby file this Partial Motion to Dismiss
the First Amended Complaint (the "Motion").  This Motion is based on the following Memorandum
of Points and Authorities and the pleadings and papers on file.

23

     Respectfully submitted this 13th day of November 2024.

24

25

26

27

28

1

EVANS FEARS SCHUTTERT MCNULTY MICKUS

2

3

4

By: /s/ Chad R. Fears

Chad R. Fears, Esq. (NBN 6970)
6720 Via Austi Parkway, Suite 300
Las Vegas, Nevada 89119
*Attorneys for Defendants CVS Pharmacy, Inc. and Asembia, LLC*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................ 1

II.  FACTUAL BACKGROUND ............................................................................. 2

III.  ARGUMENT ..................................................................................................... 4

    A.  Plaintiff's Claim of Copyright Infringement Must Be Dismissed ......... 5

        1.  Plaintiff Lacks a Valid Copyright Because the Works Are Unprotectable Blank Forms .............................................. 5

        2.  Plaintiff Fails to Identify *Any* Similarities Between Protected Elements of the Registered Works and the Allegedly Infringing Works, Let Alone Substantial Similarity ................................. 9

        3.  Plaintiff's Copyright Claim Fails in Its Entirety ....................... 13

    B.  Plaintiff's Claim Under the Nevada Deceptive Trade Practices Act Fails to Satisfy Rule 9's Heightened Pleading Standard ...................... 13

    C.  Plaintiff Does Not State a Claim of Intentional Interference with Prospective Contractual Relations ....................................... 15

IV.  CONCLUSION ................................................................................................ 17

1

## TABLE OF AUTHORITIES

**Cases**

2

*Advanz Behavorial Mgmt. Res., Inc. v. Miraflor,*
   21 F. Supp. 2d 1179 (C.D. Cal. 1998)...................................................................... 8

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) .................................................................................................. 4

*Baker v. Selden,*
   101 U.S. 99 (1879) .................................................................................................... 6

*Bally Tech., Inc., v. Bus. Intelligence Solutions,*
   No. 2:10-cv-00440, 2012 WL 3656498 (D. Nev. Aug. 23, 2012)...................... 15, 17

*Basile v. Twentieth Century Fox Film Corp.,*
   No. CV144263DMGJPRX, 2014 WL 12521340 (C.D. Cal. Aug. 19, 2014)............ 8

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) .................................................................................................. 4

*Bibbero Sys., Inc. v. Colwell Sys., Inc.,*
   893 F.2d 1104 (9th Cir. 1990)............................................................................ 6, 7, 8

*Capcom Co., Ltd. v. MKR Grp., Inc.,*
   No. C 08–0904 RS, 2008 WL 4661479 (N.D. Cal. Oct. 20, 2008) .......................... 9

*Cavalier v. Random House, Inc.,*
   297 F.3d 815 (9th Cir. 2002)..................................................................................... 5

*Chattem v. BAC Home Loan Servicing LP,*
   No. 2:11-cv-1727-KJD-RJJ, 2012 WL 2048199 (D. Nev. June 5, 2012)................ 13

*Christianson v. West Pub. Co.,*
   149 F.2d 202 (9th Cir. 1945).................................................................................... 11

*Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.,*
   364 F. Supp. 3d 1194 (W.D. Wash. 2019)................................................................ 7

*Contract Mgmt. Servs., Inc. v. Travel Nurses Int'l, Inc.,*
   Case 1:01-cv-05317 (E.D. Cal. Aug. 27, 2002) ................................................... 8, 9

*Corbello v. Valli,*
   974 F.3d 965 (9th Cir. 2020)................................................................................ 9, 10

*Custom Teleconnect, Inc. v. Int. Telle-Services, Inc.,*
   254 F. Supp. 2d 1173 (D. Nev. 2003) .................................................................... 15

*Depot, Inc. v. Caring for Montanas, Inc.,*
   915 F.3d 643 (9th Cir. 2019).............................................................................. 13, 14

*Divine Dharma Meditation Int'l Inc. v. Inst. of Latent Energy Studies,*
   No. C16-0226, 2016 WL 7486286 (C.D. Cal. May 25, 2016)................................ 12

*Enlightened Today LLC v. Soulmate Medium LLC*,
  No. 23-cv-0985, 2023 WL 6239330 (W.D. Wash. Sept. 26, 2023)....................................... 11, 12

*Ent't Research Group, Inc. v. Genesis Creative Group, Inc.*,
  122 F.3d 1211 (9th Cir.1997)................................................................................................. 5

*Evans v. McCoy-Harris*,
  No. 17-cv-8345, 2019 WL 1002512 (C.D. Cal. Jan. 4, 2019) ................................................ 11

*Evans v. NBCUniversal Media, LLC*,
  No. 21-cv-0984, 2021 WL 4513624 (C.D. Cal. July 23, 2021) .............................................. 11

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991) ............................................................................................................... 6

*Fuzzy Logic Productions, Inc. v. Trapflix, LLC*,
  No. CV 15-6203 PA (SSX), 2015 WL 12791508 (C.D. Cal. Nov. 20, 2015) ......................... 10

*Horner v. Mortg. Elec. Registration Sys., Inc.*,
  711 F. App'x 817 (9th Cir. 2017) .......................................................................................... 13

*In re Zappos.com, Inc.*,
  No. 3:12-cv-00325, 2013 WL 4830497 (D. Nev. Sept. 9, 2013)............................................ 14

*Johnson v. Maraj*,
  Case No. CV 23-5061, 2023 WL 8883316 (C.D. Cal. Dec. 15, 2023)..................................... 13

*Las Vegas-Tonopah-Reno Stage Line, Inc., v. Gray Line Tours of S. Nev.*,
  792 P.2d 386 (Nev. 1990) ...................................................................................................... 15

*Leavitt v. Leisure Sports Inc.*,
  734 P. 2d 1221 (Nev. 1987) ................................................................................................... 15

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001).................................................................................................. 8

*MGM Resorts Int'l v. Pacific Pillows, LLC*,
  No. 2:13-cv-01404, 2014 WL 2434628 (D. Nev. May 28, 2014) ........................................... 16

*Milkcrate Athletics Inc. v. Adidas Am., Inc.*,
  No. 21-cv-09328, 2022 WL 18284401 (C.D. Cal. Nov. 9, 2022) ........................................... 10

*Miracle Blade, LLC v. Ebrands Commerce Gp.*,
  207 F. Supp. 2d 1136 (D. Nev. 2002) ..................................................................................... 10

*Moore v. Kroger Co.*,
  No. C–13–04171, 2014 WL 825428 (N.D. Cal. Feb. 28, 2014)............................................... 7

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009)................................................................................................... 4

*New Directions Program v. Sierra Health & Wellness*,
  No. 2:22-cv-01090, 2023 WL 7284797 (E.D. Cal. Nov. 1, 2023)............................................ 11

*Operation: Heroes, Ltd. v. Procter & Gamble Prods., Inc.*,
  No. 2:12-cv-00214, 2015 WL 5768534 (D. Nev. Sept. 29, 2015)............................................ 16

*Pallen Martial Arts, LLC v. Shir Martial Arts, LLC*,
  No. 13-cv-05898, 2014 WL 2191378 (N.D. Cal. May 23, 2014) ........................................ 7, 8

*Patel Burica & Associates, Inc. v. Lin*,
  No. 8:19-cv-01833, 2019 WL 6954256 (C.D. Cal. Dec. 19, 2019) ......................................... 10

*Rimini Street, Inc. v. Oracle Int'l Corp.*,
  No. 2:14-1699, 2017 WL 4227939 (D. Nev. Sept. 22, 2017) ......................................... 15, 16

*Roche v. Audio Visual Servs. Grp.*,
  No. 2:09–CV–01810–LDG, 2011 WL 2971034 (D. Nev. July 20, 2011) ............................... 16

*Sardinas v. Geithner*,
  No. 2:10-cv-501, 2010 WL 2696626 (D. Nev. July 6, 2010) .................................................. 14

*Score Right Publ'g LLC v. Nat'l Junior Basketball League*,
  No. 8:19-cv-01604, 2020 WL 2510515 (C.D. Cal. Jan. 7, 2020) ............................................ 7

*Siegler v. Sorrento Therapeutics*,
  No. 3:18-cv-01681, 2019 WL 3532294 (S.D. Cal. Aug. 2, 2019) .......................................... 10

*Skidmore v. Led Zeppelin*,
  952 F.3d 1051 (9th Cir. 2020) .................................................................................. 5, 9, 10, 12

*Strack v. Morris*,
  No. 3:15-cv-00123, 2015 WL 7428555 (D. Nev. Nov. 20, 2015) ............................................ 4

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ............................................................................................. 13

*Tate-Robertson v. Walmart, Inc.*,
  No. 19-cv-1927, 2019 WL 6448960 (C.D. Cal. May 16, 2019) ..................................... 10, 12

*TDN Money Sys., Inc. v. Global Cash Access, Inc.*,
  No. 2:15-cv-02197, 2016 WL 4157308 (D. Nev. Aug. 3, 2016) ...................................... 15, 16

*United States ex rel. Anita Silingo v. Wellpoint, Inc.*,
  904 F.3d 667 (9th Cir. 2018) ............................................................................................. 14

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ............................................................................................... 8

*Weinstein v. Mortgage Capital Assocs., Inc.*,
  Nos. 2:10-cv-01551, 2:10-cv-1562, 2011 WL 90085 (D. Nev. Jan. 11, 2011) ...................... 13

*Weinstein v. Preferred Home Mortg. Co.*,
  No. 2:10-cv-1125, 2010 WL 3927675 (D. Nev. Oct. 6, 2010) ............................................. 14

*White v. Twentieth Century Fox Corp.*,
  572 F. App'x 475 (9th Cir. 2014) ....................................................................................... 11

*Wild v. NBC Universal*,
  513 F. App'x 640 (9th Cir. 2013) ....................................................................................... 11

iii

**Statutes**

17 U.S.C. § 408 ............................................................................................................ 3

17 U.S.C. § 410 ............................................................................................................ 5

Nev. Rev. Stat. § 41.600 ........................................................................................... 13

Nev. Rev. Stat. § 598.0915 ....................................................................................... 14

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ............................................................ 1, 8

Federal Rule of Civil Procedure 9.............................................................. 1, 13, 14, 15

Federal Rule of Evidence 201(b) ............................................................................ 8

**Other Authorities**

37 C.F.R. § 202.1 ....................................................................................................... 6

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION**

3      Defendants CVS Pharmacy, Inc. ("CVS") and Asembia, LLC ("Asembia") (collectively,

4 "Defendants") respectfully submit this partial motion to dismiss the First Amended Complaint (the

5 "FAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff

6 Adherence d/b/a of Morisky Medication Adherence Research LLC ("Adherence" or "Plaintiff")

7 does not adequately allege claims of copyright infringement (Second Claim for Relief), deceptive

8 trade practices (Fourth Claim for Relief), or intentional interference with prospective contractual

9 relations (Fifth Claim for Relief).

10      First, Plaintiff's claim of copyright infringement is woefully deficient.  Plaintiff's asserted

11 works are unprotectable as a matter of law, as they consist of only blank forms that are designed to

12 record, not convey, information.  Accordingly, the copyright claim should be dismissed with

13 prejudice.  Moreover, even if the works in question were copyrightable—which they are not—

14 Plaintiff has not pled sufficient facts to establish substantial similarity between any protected

15 aspects of its copyrighted work and the text allegedly copied by the defendant, and therefore does

16 not satisfy the pleading standard for copyright infringement.

17      Plaintiff's claim under the Nevada Deceptive Trade Practices Act ("NDTPA") must be

18 dismissed for failure to satisfy the Rule 9 pleading standard.  As NDTPA claims sound in fraud,

19 they must satisfy a heightened pleading standard.  The FAC comes nowhere close to meeting Rule

20 9's requirements: it fails to allege either any specific deceptive statement or who made the alleged

21 statement, to whom it was made, or even when it was made.  Plaintiff's attempt to circumvent the

22 pleading standards should be dismissed.

23      Finally, Plaintiff's intentional interference claim is also fatally flawed as a matter of law.

24 Plaintiff alleges that CVS directed its subsidiary Aetna Inc. not to enter into a contract with Plaintiff.

25 Plaintiff concludes that therefore CVS tortiously interfered with Plaintiff's prospective contract

26 with Aetna.  But parent companies are privileged to interfere with the contracts of wholly-owned

27 subsidiaries, and Plaintiff neither alleges facts sufficient to overcome that privilege nor alleges facts

28 sufficient to state a claim that any action of CVS was wrongful or that Plaintiff would have entered

1  into a contract with Aetna but for CVS's alleged interference.  This claim for relief therefore fails

2  on multiple grounds and must also be dismissed.

3      Accordingly, Defendants respectfully request the dismissal of Plaintiff's Second, Fourth,

4  and Fifth Claims in the First Amended Complaint.

5  **II.    FACTUAL BACKGROUND**

6      On August 28, 2024, Plaintiff filed the initial complaint in this action, alleging trademark

7  infringement, copyright infringement, and related state-law claims.  Dkt. No. 1.  On October 16,

8  2024, Plaintiff filed its First Amended Complaint ("FAC").  Dkt. No. 9.

9      Plaintiff claims to be the owner by assignment of copyright rights in 4- and 8-part

10 questionnaires developed by Dr. Donald Morisky and used to measure patient adherence to

11 medication regimens.  FAC ¶¶ 26-32.  According to Plaintiff, these questionnaires are known as

12 the Morisky Medication Adherence Scales or, respectively, as MMAS-4 and MMAS-8.  *Id.*

13 Plaintiff further claims that it has used the alleged trademarks MORISKY, MORISKY

14 MEDICATION ADHERENCE SCALE, and MMAS (collectively, the "Alleged Marks") in

15 connection with its questionnaires.  *Id.* at ¶¶ 33-35.

16     According to the FAC, Asembia is a corporation that provides a patient management

17 software platform called Asembia-1 to specialty pharmacies, clinical providers, and other related

18 companies.  FAC at 2:12-14 & ¶ 66.  Plaintiff alleges that Asembia incorporated the MMAS-4 and

19 MMAS-8 questionnaires into a version of the Asembia-1 clinical platform, but that Asembia lacked

20 a license to this content.  *Id.* ¶¶ 85-91.

21     According to the FAC, CVS is a customer of Asembia and a licensee of the Asembia-1

22 software platform.  FAC ¶ 66.  Plaintiff alleges that CVS owns Aetna.  *Id.* ¶ 62.  Plaintiff further

23 alleges that in March 2024, an employee from Aetna wrote to Plaintiff and expressed interest in

24 licensing the MMAS questionnaires from Plaintiff.  *Id.* ¶ 60.  Plaintiff claims that when Plaintiff

25 wrote back to the Aetna employee in response, the Aetna employee did not reply to Plaintiff's

26 correspondence.  *Id.* ¶ 64.

27     Although Plaintiff alleges infringement of its claimed copyright rights in the MMAS-4 and

28 MMAS-8 questionnaires, Plaintiff does not attach the questionnaires themselves, nor does Plaintiff

1  quote or otherwise set forth the content of these works.  Defendants have obtained copies of the

2  deposits of Plaintiff's alleged works from the Copyright Office and attach those documents as

3  Exhibits A and B to this motion.  Exs. A, B.[1]

4      As shown below, MMAS-4 consists essentially of a set of four simple questions directed to

5  a patient and seeking information about that individual's adherence to medication regimes:

*(Please check one box on each line)*

|  | Yes (0) | No (1) |
|---|---|---|
| 1. Do you ever forget to take your (name of health condition) medicine? | ❏ | ❏ |
| 2*. Do you ever have problems remembering to take your (name of health condition) medication? | ❏ | ❏ |
| 3. When you feel better, do you sometimes stop taking your (name of health condition) medicine? | ❏ | ❏ |
| 4. Sometimes if you feel worse when you take your (name of health condition) medicine, do you stop taking it? | ❏ | ❏ |

---

[1]  Unless otherwise stated, all exhibits referred to herein refer to Exhibits to the Declaration of Joseph Cipriani ("Cipriani Decl."), filed concurrently with this motion.

Plaintiff cited to the copyright registrations of its allegedly infringed works but, unusually for a copyright plaintiff, did not attach to its FAC a copy of either of the works.  Defendants have therefore attached certified copies of the "deposits" that Plaintiff itself submitted to the Copyright Office.  *See* Exs. A, B.  The deposits contain the complete text of the works covered by Plaintiff's pleaded copyright registration.  Defendants obtained the deposits directly from the United States Copyright Office.  Cipriani Decl. at ¶¶ 4-5; Exs. A, B; *see generally* 17 U.S.C. § 408 (providing that applicants for copyright registration must include along with the application a "deposit for copyright registration," namely, complete copies of the work in which copyright is claimed).

3

MMAS-8 is similar, with the addition of four more questions to the questionnaire:

|  | No=1 | Yes =0 |
|---|---|---|
| 1. Do you sometimes forget to take your \<health condition\> pills? |  |  |
| 2. People sometimes miss taking their medications for reasons other than forgetting. Thinking over the past two weeks, were there any days when you did not take your \<health condition\> medicine? |  |  |
| 3. Have you ever cut back or stopped taking your medication without telling your doctor, because you felt worse when you took it? |  |  |
| 4. When you travel or leave home, do you sometimes forget to bring along your \<health condition\> medication? |  |  |
| 5. Did you take your \<health condition\> medicine yesterday? |  |  |
| 6. When you feel like your \<health condition\> is under control, do you sometimes stop taking your medicine? |  |  |
| 7. Taking medication everyday is a real inconvenience for some people. Do you ever feel hassled about sticking to your \<health condition\> treatment plan? |  |  |

8. How often do you have difficulty remembering to take all your medications?

Ex. B.

The FAC does not identify which portions of its registered works are allegedly protected by copyright, nor which portions were allegedly infringed by Defendants.

**III.    ARGUMENT**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[B]are assertions . . . amounting to nothing more than a formulaic recitations of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotations omitted). "The court discounts these allegations because they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Strack v. Morris*, No. 3:15-cv-00123, 2015 WL 7428555, at *2 (D. Nev. Nov. 20, 2015) (quoting *Moss*, 572 F.3d at 969).

4

Plaintiff's copyright claim is based on uncopyrightable works and must be dismissed with prejudice on that ground alone.  In addition, Plaintiff's copyright, NDTPA, and tortious interference claims must be dismissed for failure to plead sufficient facts to state a claim.

### A.    Plaintiff's Claim of Copyright Infringement Must Be Dismissed

Copyright infringement claims have two basic elements: (1) ownership of a valid copyright in the allegedly infringed work and (2) copying of protected aspects of the work.  *See, e.g.*, *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020); *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).

Here, Plaintiff does not satisfy either requirement.  First, Plaintiff's allegedly infringed works are "blank forms" unprotectable under the Copyright Act.  Therefore, Plaintiff's claimed copyrights are invalid as a matter of law.  Second, Plaintiff does not adequately allege copying, because Plaintiff neither identifies the allegedly protected elements of its works nor articulates any similarities—let alone substantial similarities—between its own works and the allegedly infringing works.

Plaintiff's Second Claim for Relief for copyright infringement must therefore be dismissed on either or both of those grounds.

### 1.    Plaintiff Lacks a Valid Copyright Because the Works Are Unprotectable Blank Forms

Plaintiff's allegedly infringed works are simple questionnaires which seek to elicit, but do not themselves convey, information.  These works are not original works of authorship, but rather "blank forms" that are not protectable under the Copyright Act as a matter of law.  Because Plaintiff therefore does not own valid copyright in the subject works, its copyright infringement claim must be dismissed with prejudice.

A certificate of copyright registration obtained within five years of first publication of the work creates a presumption of ownership of a valid copyright, but that presumption is rebuttable. *See* 17 U.S.C. § 410(c); *see also Ent't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir.1997).  A defendant may rebut this presumption of validity by introducing "some evidence or proof" that the plaintiff's copyright in the allegedly infringed work is not valid. *Id.*

One way to establish that a copyright is not valid is to show that the allegedly copyrighted work is a "blank form" which does not convey information. As the Ninth Circuit has stated, "[i]t is well established that blank forms which do not convey information are not copyrightable." *Bibbero Sys., Inc. v. Colwell Sys., Inc.*, 893 F.2d 1104, 1106 (9th Cir. 1990) (citation omitted) (affirming dismissal of copyright claim as a matter of law). This rule, known as the "blank forms doctrine," has been in effect since the 1879 decision in *Baker v. Selden*, in which the U.S. Supreme Court found that forms consisting of ruled lines and labeled columns could not be the subject of copyright. 101 U.S. 99, 107 (1879). As per Copyright Office regulations, blank forms not subject to copyright protection include "time cards, graph paper, account books, diaries, bank checks, scorecards, address books, report forms, order forms and the like, which are designed for recording information and do not in themselves convey information." 37 C.F.R. § 202.1(c).

As the Ninth Circuit found in *Bibbero*, "[t]he fact that there is a great deal of printing on the face of [a] form . . . does not make the form any less blank," nor does the fact that "considerable effort and creativity went into designing it." 893 F.2d at 1107-08 & n.1; *see also Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 364 (1991) (noting that copyright does not "reward[] . . . effort"). Rather, the key to determining whether the "blank forms" doctrine applies is whether the allegedly infringed document is intended to convey or record information. *See Bibbero*, 893 F.2d at 1107-08.

In *Bibbero*, the Ninth Circuit found uncopyrightable as a matter of law under the "blank forms" doctrine forms known as "superbills" that were used by doctors to obtain reimbursement from insurance companies. 893 F.2d at 1105. "Each superbill contains simple instructions to the patient for filing insurance claims; boxes for patient information; simple clauses assigning insurance benefits to the doctor and authorizing release of patient information; and two lengthy checklists for the doctor to indicate the diagnosis and any services performed, as well as the applicable fee." *Id*. The court found these superbills to be uncopyrightable blank forms because their purpose was to record, rather than to convey, information:

> The purpose of Bibbero's superbill is to record information. Until the superbill is filled out, it conveys no information about the patient, the patient's diagnosis, or the patient's treatment. Doctors do not look to Bibbero's superbill in diagnosing or

treating patients. The superbill is simply a blank form which gives doctors a convenient method for recording services performed.

*Id*. at 1107-08.

Likewise, in *Pallen Martial Arts, LLC v. Shir Martial Arts, LLC*, the plaintiff martial arts studio alleged infringement of several works, including a New Student Application which required students to answer a number of questions, including "'Can you afford to pay between $155—$165 per month for lessons?'; 'Are you prepared to develop your mental discipline as well as your physical fitness?'; and 'Do you have previous martial arts experience?'" *Pallen*, No. 13-cv-05898, 2014 WL 2191378, at *4 (N.D. Cal. May 23, 2014). Notwithstanding the relatively detailed nature of this questionnaire, the court dismissed plaintiff's infringement claim as to the work, because "[t]he New Student Application, when blank, does not convey information, but rather is designed to record it, and it is therefore ineligible for copyright protection." *Id*.; *see also Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, 364 F. Supp. 3d 1194, 1218 (W.D. Wash. 2019) (finding project worksheet "with a detailed array of labeled spaces to be checked or filled in, as well as an instruction at the top in white text within a red field stating 'Red lettering notes what tasks require additional information (i.e. detailed notes and/or location indicated on Project Graph)'" barred from copyright protection under blank forms doctrine).

Courts in the Ninth Circuit have repeatedly applied the blank forms doctrine to dismiss copyright infringement claims at the pleadings stage. *See, e.g.*, *Pallen*, 2014 WL 2191378 at *4 (granting motion to dismiss claim of copyright infringement as to the Student Red Card and New Student Application based on the blank forms doctrine); *Score Right Publ'g LLC v. Nat'l Junior Basketball League*, No. 8:19-cv-01604, 2020 WL 2510515, at *3 (C.D. Cal. Jan. 7, 2020) (granting motion to dismiss claim of copyright infringement of basketball scoring books based on blank form doctrine); *Moore v. Kroger Co.*, No. C–13–04171, 2014 WL 825428, at *5 (N.D. Cal. Feb. 28, 2014) (granting motion for judgment on the pleadings on claim of infringement of plaintiff's copyright in "Personalizable Beverage Name Space" on the basis that the work was "simply a blank form that gives a consumer a convenient method for recording information").

Like the works at issue in *Bibbero* and *Pallen*, the MMAS forms in this case are blank forms which convey no information in themselves, but rather simply provide a method for *recording*

information about a patient.  *See* Exs. A, B (deposit copies of MMAS-4 and MMAS-8).[2]  Like the

forms in *Bibbero* and *Pallen*, these questions themselves do not convey information to the reader.

Rather, it is the patient's responses that will fill the form with content and thereby convey

information to the person using the data.  When unfilled, or blank, Plaintiff's forms "simply consist

of labeled blank spaces in which check marks may be made or information may be recorded."

*Advanz Behavorial Mgmt. Res., Inc. v. Miraflor*, 21 F. Supp. 2d 1179, 1189-91 (C.D. Cal. 1998)

(forms related to home health care management consisting of "labeled blank spaces in which check

marks may be made or information may be recorded" found unprotectable under blank forms

doctrine).  Therefore, as a matter of law, plaintiff's forms are not copyrightable.

Nothing in Plaintiff's works could salvage its claims from the operation of the "blank

forms" doctrine.  The MMAS-4 and MMAS-8 questionnaires consist primarily of questions, with

brief instructions.  Both questionnaires have instructions at the top of the form simply directing the

patient to answer the questions below.  *See* Exs. A, B.  The MMAS-4 questionnaire also instructs

the user of the form to cite to certain prior articles when publishing or presenting results referencing

the MMAS-4 and references the rudimentary scoring scheme for the questionnaire.  Ex. A.

These instructions do not render these forms copyrightable.  *See Bibbero*, 893 F.2d at 1108

(finding form uncopyrightable despite instructions because "[t]hese instructions are far too simple

to be copyrightable as text in and of themselves").  Plaintiff's instructions, like those in *Bibbero*,

"do not change the character of the document as an application form designed to be used for

recording information."  *Contract Mgmt. Servs., Inc. v. Travel Nurses Int'l, Inc.,* Case 1:01-cv-

05317, Dkt. No. 67 at *24 (E.D. Cal. Aug. 27, 2002), *aff'd*, 83 F. App'x 978 (9th Cir. 2003)

---

[2] Defendants respectfully request that the Court take judicial notice of the attached certified deposit copies of MMAS-4 and MMAS-8.  A district court may consider material outside the pleadings on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if that material is "incorporated by reference into a complaint . . . or the document forms the basis of the plaintiff's claim."  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Courts may also judicially notice matters of "public record."  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *see also* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

In this suit, Plaintiff's allegedly infringed works unquestionably "form[] the basis" of its copyright claim.  *Ritchie*, 342 F.3d at 908.  In addition, "[c]ourts routinely take judicial notice of documents from the Copyright Office."  *Basile v. Twentieth Century Fox Film Corp.*, No. CV 14-4263, 2014 WL 12521340, at *2 (C.D. Cal. Aug. 19, 2014), *aff'd*, 678 F. Appx. 576 (9th Cir. 2017) (taking judicial notice of Copyright Office documents).  Accordingly, and because the authenticity of the attached copies of Plaintiff's deposits from the Copyright Office should be undisputed, Defendants respectfully submit that the Court should take judicial notice of the attached documents.

(upholding lower court decision that the allegedly infringed works "were blank forms and therefore not entitled to copyright protection").   On the contrary, as in *Contract Management.*, the instructions only reflect what information is desired and what sorts of evaluations are going to be made based on what is recorded.  *See id.*  Therefore, Plaintiff's works are not copyrightable.

Accordingly, Plaintiff's claim of copyright infringement must be dismissed.  Moreover, any amendment would be futile, given that the defect in the claim is the underlying unprotectability of Plaintiff's blank forms, rather than a curable pleading insufficiency.  Therefore, the Court should dismiss Plaintiff's copyright infringement claim with prejudice.  *See Capcom Co., Ltd. v. MKR Grp., Inc.*, No. C 08–0904 RS, 2008 WL 4661479, at *11 (N.D. Cal. Oct. 20, 2008) (granting motion to dismiss and holding that "[b]ecause leave to amend [plaintiff's copyright claim] would be futile as the findings are based on the works themselves rather than on [the] pleadings, the infringement claim must therefore be dismissed with prejudice").

### 2. Plaintiff Fails to Identify *Any* Similarities Between Protected Elements of the Registered Works and the Allegedly Infringing Works, Let Alone Substantial Similarity

Even if Plaintiff's works were eligible for copyright protection—and they are not, because they are uncopyrightable blank forms—Plaintiff's copyright infringement claim would still fail as a matter of law.  Plaintiff has not pled sufficient facts to establish substantial similarity between any protected aspects of its copyrighted work and the text allegedly copied by the Defendants.  Indeed, Plaintiff has failed to identify *any* such similarity, let alone substantial similarity.

As stated above, a copyright plaintiff must prove both ownership of a valid copyright and defendant's copying of protected aspects of the copyrighted work.  The copying requirement has "two separate components: 'copying' and 'unlawful appropriation.'"  *Skidmore*, 952 F.3d at 1064.  In order to demonstrate "unlawful appropriation," plaintiffs must show that the allegedly infringing work "share[s] substantial similarities" with protectable elements of the allegedly infringed work.  *Corbello v. Valli*, 974 F.3d 965, 974 (9th Cir. 2020).  When assessing substantial similarity as a matter of law, district courts apply an "extrinsic" test which "compares the objective similarities of specific expressive elements in the two works," focusing only on the protected material in the plaintiff's work.  *Skidmore*, 952 F.3d at 1064.

In order to allow the court to apply the extrinsic test of substantial similarity, a plaintiff alleging copyright infringement must "identif[y] similarities between the copyrighted work and the accused work." *Corbello*, 974 F.3d at 974; *see also Miracle Blade, LLC v. Ebrands Commerce Gp.,* 207 F. Supp. 2d 1136, 1149-1150 (D. Nev. 2002) (in order for the district court to evaluate substantial similarity, "the plaintiff must first identify the elements alleged to be similar and present in both works"); *Milkcrate Athletics Inc. v. Adidas Am., Inc.*, No. 21-cv-09328, 2022 WL 18284401, at *5 (C.D. Cal. Nov. 9, 2022) (granting motion to dismiss copyright claim and holding that the extrinsic test requires that "the plaintiff identifies similarities between the copyrighted work and the accused work"). "[S]imply alleging that two items are substantially similar or directly copied is not enough; copyright holders should describe the infringed work's protectable elements and juxtapose them against those same elements in the defendant's infringing work." *Siegler v. Sorrento Therapeutics*, No. 3:18-cv-01681, 2019 WL 3532294, at *11 (S.D. Cal. Aug. 2, 2019) (granting motion to dismiss copyright infringement claim). Even where a plaintiff "clearly alleges[s] that the works were identical, as opposed to merely substantially similar, that allegation would not be plausible without some description of the [works] and the similarities between them." *Tate-Robertson v. Walmart, Inc.*, No. 19-cv-00027, 2019 WL 6448960, at *5 (C.D. Cal. May 16, 2019) (granting motion to dismiss).

Courts in the Ninth Circuit routinely dismiss copyright infringement claims at the pleadings stage if the plaintiff fails to allege sufficient facts either to establish the allegedly protectable elements of its own work or to identify the similarities between that protectable expression and the defendant's allegedly infringing work. *See, e.g.*, *Fuzzy Logic Productions, Inc. v. Trapflix, LLC*, No. CV 15-6203 PA (SSX), 2015 WL 12791508, at *4 (C.D. Cal. Nov. 20, 2015) (granting motion to dismiss copyright claim when the allegations were "devoid of any comparisons of protectable elements that would allow the Court to apply the extrinsic test"); *Patel Burica & Associates, Inc. v. Lin*, No. 8:19-cv-01833, 2019 WL 6954256, at *4 (C.D. Cal. Dec. 19, 2019) (granting motion to dismiss when "the complaint does not describe, in any level of specificity, what 'design details' [defendants] allegedly copied"); *New Directions Program v. Sierra Health & Wellness*, No. 2:22-cv-01090, 2023 WL 7284797, at *10 (E.D. Cal. Nov. 1, 2023) (granting motion to dismiss

1    copyright claim when plaintiff's allegations of copying were limited to the claim that "defendants

2    have copied portions of this Book and have used and published copies of portions of this book

3    including copying and using treatment documents with clients"); *see also Christianson v. West Pub.*

4    *Co.*, 149 F.2d 202, 204 (9th Cir. 1945) (affirming dismissal of copyright infringement claim on

5    motion to dismiss); *White v. Twentieth Century Fox Corp.*, 572 F. App'x 475, 476-77 (9th Cir.

6    2014) (same); *Wild v. NBC Universal*, 513 F. App'x 640, 641-42 (9th Cir. 2013) (same).

7        For example, the court in *Evans v. McCoy-Harris* considered a claim that a new film

8    infringed the plaintiff's two screenplays.  No. 17-cv-8345, 2019 WL 1002512 at *1 (C.D. Cal. Jan.

9    4, 2019).  However, instead of providing a comparison of the protectable elements of the allegedly

10   copyrighted works and the allegedly infringing works, the plaintiff merely "state[d] that [the

11   infringing work] contains "portions' of her screenplays."  *Id*. at *3.  Given that the complaint was

12   therefore "entirely devoid of allegations establishing the protectable elements of the infringed

13   works" and plaintiff "failed to plead facts establishing any similarities, let alone substantial

14   similarities, between the protectable elements of the infringing and infringed works," the court

15   found that its "conclusory statements [did] not satisfy *Iqbal*'s pleading standard."  *Id*.

16       Likewise, in *Enlightened Today LLC v. Soulmate Medium LLC*, the plaintiff alleged

17   "ownership of copyrights to three original scripts," that "the scripts [were] 'original works of

18   authorship . . . specifically phrased to entice the interests of potential customers seeking tarot card

19   readings, relationship coaching, and astrology consultancy,'" and that defendant "was distributing

20   videos . . . substantially reciting the scripts, . . .  in some instances verbatim."  No. 23-cv-0985,

21   2023 WL 6239330, at *4 (W.D. Wash. Sept. 26, 2023).  However, neither the allegedly infringed

22   nor the allegedly infringing works were "provided, quoted, or even described beyond their general

23   content."  *Id.*  Because the plaintiff therefore failed to allege "facts allowing for consideration of

24   similarities, let alone substantial similarities, between the copyrighted and alleged infringing

25   works," the court dismissed the claim of copyright infringement.  *Id.*; *see also Evans v.*

26   *NBCUniversal Media, LLC*, No. 21-cv-0984, 2021 WL 4513624, at *5 (C.D. Cal. July 23, 2021)

27   (finding that plaintiff failed to plead sufficient facts regarding substantial similarity to state a claim

28   of copyright infringement when plaintiff neglected to attach copies of either the copyrighted work

or the allegedly infringing works to the complaint and "[t]he Complaint does not allege any specific details about the parties' works, and instead alleges general, conclusory allegations that '[d]efendants' infringing film copied numerous copyrightable elements of Plaintiffs work precisely….'"); *Divine Dharma Meditation Int'l Inc. v. Inst. of Latent Energy Studies*, No. C16-0226, 2016 WL 7486286, at *5 (C.D. Cal. May 25, 2016) (dismissing as a matter of law because plaintiff "allege[d] that [defendants] work infringe[d] on their copyrighted works," but "provide[d] no factual allegations of any articulable similarities between the allegedly infringing work and their own copyrighted material").

The allegations of Adherence's FAC are similarly deficient. Plaintiff does not indicate which element or elements of Plaintiff's works were allegedly copied by Defendants or otherwise endeavor to compare the copyrightable elements of Plaintiff's works with any work of Defendants. In short, in Plaintiff's FAC, as in *Enlightened Today*, "there are no facts allowing for consideration of similarities, let alone substantial similarities, between the copyrighted and alleged infringing works." *Enlightened Today*, 2023 WL 6239330 at *4; *see also Tate-Robertson*, 2019 WL 6448960, at *5 (dismissing claim of copyright infringement where the complaint "contains no mention of any element of Plaintiff's design, let alone identification of which elements are copyrightable," and "provides only entirely conclusory allegations regarding the designs as a whole"). The FAC does not allege sufficient facts even to establish *any* specific text or design found in Plaintiff's works, let alone sufficient facts for the Court to compare the protectable elements of Plaintiff's works and Defendants' allegedly infringing works in the required extrinsic analysis of substantial similarity.

These allegations in the FAC are therefore insufficient as a matter of law to state a claim of copyright infringement. Accordingly, the Court should dismiss Plaintiff's Second Claim for Relief.[3]

---

[3] As the Ninth Circuit has noted, "for works where there is a narrow range of available creative choices, the defendant's work would necessarily have to be virtually identical to the plaintiff's work in order to be substantially similar." *Skidmore*, 952 F.3d at 1076 n.13. Defendants reserve the right to argue in this litigation that the "virtually identical" test would apply in any substantive evaluation of unlawful appropriation. At this point, however, such substantive evaluation is impossible given the deficiencies of the FAC. Given that Plaintiff has failed to allege sufficient facts to state a claim of substantial similarity between protected aspects of its works and those of Defendants, it also obviously fails to state a claim that Defendants' works are "virtually identical" to Plaintiff's.

### 3.   Plaintiff's Copyright Claim Fails in Its Entirety

Plaintiff alleges not only direct but also secondary copyright infringement.  FAC ¶ 90.  However, "[b]ecause Plaintiff has failed to state a claim for copyright infringement, [it] has also failed to state a claim for vicarious or contributory infringement."  *Johnson v. Maraj*, Case No. CV 23-5061, 2023 WL 8883316, at *3 (C.D. Cal. Dec. 15, 2023) (citing *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party."))  Accordingly, these secondary infringement claims also fail.

### B.   Plaintiff's Claim Under the Nevada Deceptive Trade Practices Act Fails to Satisfy Rule 9's Heightened Pleading Standard

Plaintiff claims that Defendants violated the Nevada Deceptive Trade Practices Act (the "NDTPA"), which provides a cause of action for "consumer fraud."  "Consumer fraud" includes "[a] deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive."  Nev. Rev. Stat. § 41.600(1), (2)(e).  "A claim under the NDTPA 'sounds in fraud and thus . . .  must meet the particularity requirement of Rule 9(b).'"  *Chattem v. BAC Home Loan Servicing LP*, No. 2:11-cv-1727-KJD-RJJ, 2012 WL 2048199, at *2 (D. Nev. June 5, 2012) (citing *Weinstein v. Mortgage Capital Assocs., Inc.*, Nos. 2:10-cv-01551, 2:10-cv-1562, 2011 WL 90085, at *11 (D. Nev. Jan. 11, 2011)); *see also Horner v. Mortg. Elec. Registration Sys., Inc.*, 711 F. App'x 817, 818 (9th Cir. 2017) (upholding dismissal of deceptive trade practices claim because "the district court properly concluded that Horner failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b)").

"To satisfy Rule 9(b)'s particularity requirement, the complaint must include 'an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"  *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)).  "[T]he pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false."  *Id.* (internal quotations omitted).

Plaintiff's FAC does not satisfy the heightened pleading requirement of Rule 9, and

therefore does not state a claim under the NDTPA. The FAC fails to identify any, let alone all, of the specific instances in which Defendants allegedly "made false representations as to affiliation, connection and/or association with Plaintiffs by using a mark or marks that are confusingly similar to Plaintiff's Morisky Marks and otherwise engaged in deceptive trade practices." FAC ¶ 103. The FAC does not provide a single example of an allegedly false representation made to a consumer, let alone "identify the who, what, when, where, and how of the misconduct charged," as required by the Ninth Circuit. *Depot, Inc.*, 915 F.3d at 668. Plaintiff's general allegations do not satisfy Rule 9(b). *See e.g.*, *Sardinas v. Geithner*, No. 2:10-cv-501, 2010 WL 2696626, at *1 (D. Nev. July 6, 2010) (dismissing claim of deceptive trade practices/fraud where plaintiffs "fail to plead with sufficient particularity regarding time, place, identity of parties, and nature of fraud, in their complaint").

Moreover, the FAC fails to specify which of the dozens of deceptive trade practices listed in the Nevada Deceptive Trade Practices Act Defendants are alleged to have committed. *See* Nev. Rev. Stat. §§ 598.0915-0925 (defining more than fifty different "deceptive trade practices"). Plaintiff has not provided "notice of the particular misconduct which is alleged to constitute the fraud charged" when the Amended Complaint fails to allege commission of a *specific* deceptive trade practice. *See United States ex rel. Anita Silingo v. Wellpoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018); *In re Zappos.com, Inc.*, No. 3:12-cv-00325, 2013 WL 4830497, at *6 (D. Nev. Sept. 9, 2013) (dismissing claims under the NDTPA where plaintiffs failed to identify which *kinds* of violations were alleged); *Weinstein v. Preferred Home Mortg. Co.*, No. 2:10-cv-1125, 2010 WL 3927675, at *2 (D. Nev. Oct. 6, 2010) (dismissing deceptive trade practices claim where the plaintiff "fails to cite specific provisions of Nevada statutes that defendants have violated"). Plaintiff's failure to indicate which statutory provisions Defendants are alleged to have violated compromises Defendants' ability to defend themselves and cannot stand under the heightened pleading requirements of Rule 9(b).

Accordingly, the Court should dismiss the Fourth Claim for Relief.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**C.    Plaintiff Does Not State a Claim of Intentional Interference with Prospective Contractual Relations**

In its Fifth Claim for Relief, Plaintiff alleges intentional interference with prospective contractual relations.  Plaintiff claims that Defendant CVS interfered with a prospective contractual relationship between Plaintiff and CVS's subsidiary, Aetna.  However, plaintiff has failed to plead sufficient facts to support its claim in several key ways, any or all of which requires dismissal of the claim as a matter of law.

"[A] claim for intentional interference with an economic advantage requires a showing of: (1) a prospective contractual relationship between the plaintiff and a third party; (2) knowledge by the defendant of the prospective relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct." *TDN Money Sys., Inc. v. Global Cash Access, Inc.*, No. 2:15-cv-02197, 2016 WL 4157308, at *3 (D. Nev. Aug. 3, 2016) (citing *Leavitt v. Leisure Sports Inc.*, 734 P. 2d 1221, 1225 (Nev. 1987)).  "In order to prove the absence of privilege or justification a 'plaintiff must show the means used to divert the prospective advantage was unlawful, improper or was not fair and reasonable.'" *Id.* (quoting *Custom Teleconnect, Inc. v. Int. Telle-Services, Inc.*, 254 F. Supp. 2d 1173, 1181 (D. Nev. 2003)); *see also Las Vegas-Tonopah-Reno Stage Line, Inc., v. Gray Line Tours of S. Nev.*, 792 P.2d 386, 388 n.1 (Nev. 1990) (emphasizing that "[i]mproper or illegal interference is crucial to the establishment of this tort").

In addition, to show actual harm, "a plaintiff must allege that he would have been awarded the contract but for the defendant's interference." *Rimini Street, Inc. v. Oracle Int'l Corp.*, No. 2:14-cv-1699, 2017 WL 4227939, at *9 (D. Nev. Sept. 22, 2017) (internal citations omitted); *see also Bally Tech., Inc., v. Bus. Intelligence Solutions*, No. 2:10-cv-00440, 2012 WL 3656498, at *4 (D. Nev. Aug. 23, 2012) ("The defendant's conduct is the proximate cause of the plaintiff's harm if the plaintiff would have been awarded the contract but for the defendant's interference.")

"Courts across the country have uniformly held that a parent company is privileged to interfere with the contracts of its wholly-owned subsidiary when the contract threatens a present economic interest of that subsidiary, absent clear evidence that the parent company employed improper means or acted with an improper purpose." *Operation: Heroes, Ltd. v. Procter & Gamble*

1    *Prods., Inc.*, No. 2:12-cv-00214, 2015 WL 5768534, at *4 (D. Nev. Sept. 29, 2015).  While the

2    Nevada Supreme Court has neither accepted nor rejected this principle, courts in this district have

3    recognized this privilege.  *Id*. (recognizing a qualified parent company privilege "[i]n light of the

4    wide-spread acceptance" of such a privilege").

5              As the First Amended Complaint pleads, CVS owns Aetna, Inc.  FAC ¶ 62.  In order to

6    overcome the parent company privilege inherent in that relationship, Plaintiff must show that "the

7    means used to divert the prospective advantage was unlawful, improper or was not fair and

8    reasonable."  *TDN Money Sys.,* 2016 WL 4157308 at *3.  But even assuming the facts alleged to

9    be true, Plaintiff fails to allege that CVS acted in any unlawful, improper, unfair, or unreasonable

10   way in directing Aetna not to contract with plaintiff.  In fact, Plaintiff fails to plead that CVS acted

11   unlawfully, improperly, or unfairly at all.  The failure to plead any such conduct is fatal to Plaintiff's

12   claim.  *See MGM Resorts Int'l v. Pacific Pillows, LLC*, No. 2:13-cv-01404, 2014 WL 2434628, at

13   *5 (D. Nev. May 28, 2014) (dismissing claim for interference with prospective economic advantage

14   where "[b]ecause . . . there was no improper action on the part of MGM to prevent future

15   relationships with suppliers . . . [and therefore] there is no wrongful conduct on the part of MGM").

16             Moreover, Plaintiff has failed to even claim that it would have won a contract with Aetna

17   but for CVS's alleged interference, let alone allege sufficient facts to state such a claim.  *See Rimini*,

18   2017 WL 4227939 at *9.  Plaintiff alleges that an Aetna Medicaid employee "contacted [Plaintiff]

19   and submitted a MMAS Subscription request form in which Aetna expressed 'interest in obtaining

20   a license for the Morisky Scales.'"  FAC ¶ 60.  Plaintiff further alleges that the employee

21   "[t]hereafter refused to respond to any further communications [from Plaintiff]."  *Id.* ¶ 64.  But

22   while Plaintiff concludes that the Aetna employee in question stopped corresponding with Plaintiff

23   due to interference of CVS, it alleges no facts whatsoever to support such an inference.

24             On the contrary, even on the face of the pleadings, it is clear that "the harm which occurred

25   could just as easily have occurred due to acts other than those of the [d]efendant."  *Roche v. Audio*

26   *Visual Servs. Grp.*, No. 2:09–CV–01810–LDG, 2011 WL 2971034, at *5 (D. Nev. July 20, 2011)

27   (finding the "actual harm" element not satisfied).  For example, it is at least as plausible that Aetna

28   itself simply lost interest in pursuing a relationship with Plaintiff.  *See, e.g.*, *Bally Tech*, 2012 WL

3656498 at *4 (granting summary judgment on tortious interference claim based on lack of evidence that the allegedly tortious conduct was a substantial factor in any decision not to contract with the claimant).  Accordingly, plaintiff has failed to plead facts sufficient to allege actual harm.

Plaintiff has therefore failed to state a claim of tortious interference with prospective contractual relations.  The Court should dismiss the Fifth Claim for Relief.

**IV.    CONCLUSION**

For all the reasons stated above, Defendants respectfully request that the Court: (1) dismiss the Second Claim for Relief (copyright infringement) with prejudice due to the uncopyrightability of the subject matter; (2) in the alternative, dismiss the Second Claim for Relief due to Plaintiff's failure to allege sufficient facts to state a claim of copyright infringement; and (3) dismiss the Fourth (Nevada Deceptive Trade Practices Act) and Fifth (Tortious Interference) Claims for Relief in the First Amended Complaint for failure to state a claim.

Respectfully submitted this 13th day of November 2024.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EVANS FEARS SCHUTTERT MCNULTY MICKUS


By: /s/ Chad R. Fears
      Chad R. Fears, Esq. (NBN 6970)
      6720 Via Austi Parkway, Suite 300
      Las Vegas, Nevada 89119

Of Counsel:

Diane Siegel Danoff
Luke M. Reilly
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000 (Telephone)
(215) 994-2222 (Facsimile)
Email: diane.danoff@dechert.com
Email: luke.reilly@dechert.com

Jennifer Insley-Pruitt
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500 (Telephone)
(212) 698-3599 (Facsimile)
Email: jennifer.insley-pruitt@dechert.com


*Attorneys for Defendants CVS Pharmacy, Inc. and Asembia, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **DEFENDANTS CVS PHARMACY, INC. AND ASEMBIA, LLC'S PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT** was served on counsel of record this 13th day of November, 2024, using the Court's CM/ECF System.

_/s/ Faith Radford_
An Employee of Evans Fears Schuttert McNulty Mickus

19