# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ADHERENCE,<br>　　　Plaintiff,<br>v.<br>CVS HEALTH CORPORATION, *et al.*,<br>　　　Defendants. | Case No. 2:24-cv-01590-JCM-NJK<br>**Order**<br>[Docket No. 34] |

Pending before the Court is Plaintiff's motion to extend the discovery deadlines. Docket No. 34.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, Plaintiff fails to demonstrate diligence. The Court issued the scheduling order in this case on January 14, 2025. Docket No. 26. Nonetheless, the parties have conducted no discovery. Docket No. 34 at 7. Plaintiff seeks relief due to the "loss of contingency representation due to the transfer of this matter between three firms between January 6th to March 7th." *Id*. at 3. As a one-time courtesy to the parties in light of the circumstances, the Court will grant a 60-day extension and a reopening of the requested deadlines. The parties must diligently conduct discovery. Accordingly, the stipulation is **GRANTED**. Docket No. 34.

Case management deadlines are hereby **SET** as follows:

- Amend pleadings: April 14, 2025
- Initial experts: May 12, 2024
- Rebuttal experts: June 13, 2025
- Discovery cutoff: July 11, 2025
- Dispositive motions: August 11, 2025

- Joint proposed pretrial order: September 9, 2025, 30 days after resolution of dispositive motions, or by further Court order

Any future request to extend discovery deadlines must include a robust showing of diligence.

IT IS SO ORDERED.

Dated: March 17, 2025

                                  Nancy J. Koppe
                                  United States Magistrate Judge