UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADHERENCE,<br>    Plaintiff,<br>v.<br>CVS HEALTH CORPORATION, *et al.*,<br>    Defendants. | Case No. 2:24-cv-01590-JCM-NJK<br>**Order**<br>[Docket No. 34] |

Pending before the Court is Plaintiff's motion to reopen and extend case management deadlines. Docket No. 34. Defendants filed a response in opposition. Docket No. 36. Plaintiff filed a reply. Docket No. 42. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED** in part and **DENIED** in part.

**I.   BACKGROUND**

This is an intellectual property infringement case. *See* Docket No. 1 (bringing trademark and copyright claims). On December 12, 2024, the parties engaged in a Rule 26(f) conference. Docket No. 25 at 2. On January 14, 2025, the Court issued a scheduling order consistent with the default deadlines established in the local rules. *See* Docket No. 26. From approximately January 6, 2025, through March 7, 2025, Plaintiff's counsel representation of Plaintiff was in flux given changes in counsel's employment and firm policies. *See* Docket No. 34-1. On March 14, 2025, Plaintiff filed the instant motion seeking relief from the case management deadlines on the basis of legal representation issues that accompanied counsel's changing circumstances. Docket No. 34.

**II.   STANDARDS**

To reopen and extend case management deadlines, the movant must show both good cause and excusable neglect. Local Rule 26-3; *see also* Fed. R. Civ. P. 16(b)(4); *Branch Banking &*

1

*Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017). The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765.

**III.   ANALYSIS**

    A.   EXCUSABLE NEGLECT

The instant motion was filed a month after expiration of the deadline to amend and five hours after expiration of the deadline for disclosing initial experts. Plaintiff's excusable neglect argument focuses on the deadline for disclosing initial experts. *See, e.g.*, Docket No. 42 at 5-7. Moreover, a motion for leave to amend may be filed after the governing deadline, subject to a showing of excusable neglect and good cause being made <u>at that time</u>. *See, e.g.*, *Novotny v. Outback Steakhouse of Fla., LLC*, 2017 U.S. Dist. Lexis 114672, at *2-3 (D. Nev. July 21, 2017). As such, the request to revive the deadline to amend will be denied without prejudice to addressing this issue in the event a motion for leave to amend is later filed. *See id.*

With respect to the deadline for disclosing initial experts, excusable neglect has been shown. Most notably, the motion was filed at 5:26 a.m. on March 14, 2025, *see* Docket No. 34 (notice of electronic filing), or a mere five hours after expiration of this deadline. There is little to no practical difference between the motion's actual filing at 5:26 a.m. compared with the deadline to file it at 11:59 p.m.[1] Hence, the length of delay in the filing is minimal, the delay does not impact proceedings, there is no danger of prejudice, and the filing of this motion a few hours late does not demonstrate bad faith.

---

[1] The excusable neglect analysis addresses the delay in not filing the request by the subject deadline. *See, e.g.*, Fed. R. Civ. P. 6(b)(1)(B) (courts may provide relief as to an expired deadline when the movant "failed to act" by that deadline because of excusable neglect). The issue is not whether granting the relief sought within a late request would result in a delay of proceedings. *But see* Docket No. 36 at 12.

B.     GOOD CAUSE

Having addressed excusable neglect, the Court turns to the good cause analysis.  The record shows that Plaintiff engaged in no discovery during the first few months of this case.  *See, e.g.*, Docket No. 34 at 7.  Doing no discovery for several months is, obviously, a highly problematic starting point.  Plaintiff explains the delay in proceeding with discovery based on the asserted need for this case to be handled on a continency basis, counsel's change of law firms and complications at the new law firm with the contingency format, and counsel's eventual second change of law firms during this short period.  *See* Docket No. 34-1.  This is not particularly strong reasoning and the Court shares some of the concerns expressed by Defendants.  *See* Docket No. 36 at 7-10.  At the same time, counsel has attested that these circumstances hampered his ability to propound discovery, *see, e.g.*, Docket No. 42-1 at ¶ 5, and it appears that counsel worked diligently to address these obstacles so that discovery could move forward, *see* Docket No. 34-1 at ¶¶ 6-12.  The Court also accepts counsel's representations that these obstacles were not anticipated at the time the discovery plan was formulated.  *See* Docket No. 42-1 at ¶ 6.  Given all of the circumstances, Plaintiff barely nudges across the line to find good cause for the extension sought.  *Cf. Savage v. City of Twin Falls*, 2015 WL 12681319, at *11 (D. Id. Jan. 20, 2015).

## IV.     CONCLUSION

For the reasons discussed above, Plaintiff's motion to reopen and extend case management deadlines is **GRANTED** in part and **DENIED** in part.  Case management deadlines are **RESET** as follows:

- Amend pleadings/add parties:  closed
- Initial experts:  May 12, 2025
- Rebuttal experts:  June 11, 2025
- Discovery cutoff:  July 11, 2025
- Dispositive motions:  August 11, 2025
- Joint proposed pretrial order:  September 10, 2025, or 30 days after resolution of dispositive motions

       The parties must diligently move forward with discovery. The Court is not inclined to extend case management deadlines further.

       IT IS SO ORDERED.

       Dated: April 7, 2025

                                                            _____
                                                           Nancy J. Koppe
                                                           United States Magistrate Judge