1

2                          **UNITED STATES DISTRICT COURT**

3                                  **DISTRICT OF NEVADA**

4

5    ADHERENCE,                                    Case No. 2:24-cv-01590-JCM-NJK

6              Plaintiff,
                                                              **Order**
6    v.
                                                        [Docket No. 49]
7    CVS HEALTH CORPORATION, *et al*.,

8              Defendants.

9

10          Pending before the Court is a stipulation to extend case management deadlines by 60 days.

11   Docket No. 49.  The stipulation has numerous holes.

12          First, the stipulation relies heavily on language in a Ninth Circuit case regarding lenient

13   extension standards, *see, e.g.*, *id.* at 2-3, but that case did not arise in the context of case

14   management deadlines established in a scheduling order, the Ninth Circuit case law specific to this

15   context are more stringent, and courts (including this one) have continued to follow the more

16   stringent case law when requests are made to extend case management deadlines, *see, e.g.*,

17   *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 at n.3 (D. Nev. 2022).[1]

18          Second, the stipulation ignores that the Court previously advised the parties that it was not

19   inclined to grant further extensions in this case.  Docket No. 45 at 4; *see also id.* at 3 (allowing

20   modification of case management deadlines upon finding the showing "barely nudge[d] across the

21   line").

22

23
     _____

24          [1] The stipulation also indicates that leniency should be provided when the parties seek an
     extension by agreement.  Docket No. 49 at 7.  "When a request to extend case management
25   deadlines is made by stipulation, courts may consider the joint nature of the request in deciding
     whether the circumstances warrant an amendment to the scheduling order. Nonetheless, courts
26   addressing such requests are deciding at bottom whether to modify their own orders, an issue that
     need not be based necessarily on the promptings of the parties. . . . That a request is made jointly
27   neither mandates allowance of the extension sought nor exempts parties from making the necessary
     showings to justify that relief. Failure to provide such showings may result in denial of a stipulated
28   request to extend the case management deadlines."  *Williams*, 627 F. Supp. 3d at 1178.

                                                    1

Third, the stipulation is based in large part purportedly on the lack of a judicially approved protective order, *see, e.g.*, Docket No. 49 at 2, but the stipulation fails to explain in any meaningful fashion why the parties' agreement on confidentiality is not already binding, *see* Fed. R. Civ. P. 29, why judicial approval is needed, or (perhaps most importantly) why the parties have filed nothing on this issue in the intervening 34 days if in fact they require judicial oversight for confidentiality, *cf.* Docket No. 48 at 1 (denying stipulation without prejudice).[2]

Fourth, the stipulation makes repeated reference to the "complex" nature of the case and of the discovery issues, *see, e.g.*, Docket No. 49 at 3, 5, but neither representation is apparent from the record and no explanation is provided in support.

Fifth, the stipulation was filed at 4:29 p.m. on May 12, 2025, *see* Docket No. 49 (notice of electronic filing), which is the date of one of the subject deadlines for which extension is sought, *see id.* at 6, but the stipulation fails to explain this late timing, *cf.* Local Rule 26-3 (requiring requests to extend case management deadlines to generally be filed 21 days before the subject deadline(s) for which extension is sought).

Accordingly, the stipulation to extend is **DENIED** without prejudice. Any renewed request must provide robust explanation as to each of the above issues and must be filed by May 16, 2025.

IT IS SO ORDERED.

Dated: May 13, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The stipulation provides that the parties "continue to negotiate" on a protective order. Docket No. 49 at 2. The Court is, candidly, unclear how that process could possibly take more than a month, particularly when the parties previously agreed to a protective order. One would also expect much prompter action if the lack of a protective order is truly rendering it impossible to comply with case management deadlines.