1  F. Christopher Austin, Esq.
   Nevada Bar No. 6559
2  LEX TECNICA, LTD.
   10161 Park Run Drive
3  Suite 150
   Las Vegas, Nevada 89145
4  Telephone: 702-518-5535
   Email: chris@lextecnica.com
5
   *Attorneys for Plaintiff*
6

7

8              **UNITED STATES DISTRICT COURT**

9              **FOR THE DISTRICT OF NEVADA**

10  ADHERENCE d/b/a of MORISKY
    MEDICATION ADHERENCE RESEARCH          Case No.:  2:24-cv-01590-JCM-NJK
11  LLC, a Nevada limited liability company,

12              Plaintiff,                    **STIPULATED [PROPOSED]**
                                              **PROTECTIVE ORDER**
13       v.

14  CVS PHARMACY, INC., a Rhode Island
    corporation; and ASEMBIA, LLC, a Delaware
15  limited liability company,

16              Defendants.

17

18          Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Adherence d/b/a

    of Morisky Medication Adherence Research, LLC ("Plaintiff") and Defendant CVS Pharmacy, Inc.

    ("Defendant") (each, a "Party," and together, the "Parties"), by and through their respective

21  counsel, hereby agree and stipulate as follows:

22          1.      Discovery and motion practice in this case is likely to require the parties to exchange

23  and/or file with the Court documents containing trade secrets, confidential information, and/or

24  otherwise proprietary and highly sensitive non-public business information.

25          2.      To preserve the confidentiality of such information and to facilitate its exchange

26  during discovery and its filing with the Court, the parties agree that good cause exists for entry of

27  this Stipulated Protective Order (the "SPO").

28

This protective order also applies to Asembia, LLC.

LEX TECNICA
LTD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 518-5535

3.      This SPO applies to all designated information, documents, and other materials produced in this matter consistent with the disclosure or discovery duties created by the Federal Rules of Civil Procedure and the Court's Local Rules. This SPO applies to parties and nonparties from whom discovery may be sought, when the information needs protection.

**_Definition and Designation of Confidential or Attorneys' Eyes Only_**

4.      The Designation of information under this SPO must be made by marking or labeling the information, documents, or other materials CONFIDENTIAL or ATTORNEYS' EYES ONLY, in a manner that will not interfere with its legibility.

5.      <u>CONFIDENTIAL</u>. A person or entity who produces information, documents, or other materials may designate them as CONFIDENTIAL when they in good faith believe the information, documents, or materials contains nonpublic proprietary confidential technical, scientific, financial, or business information.

6.      A person or entity who produces information, documents, or other materials may designate them as ATTORNEYS' EYES ONLY when they in good faith believe the information, documents, or other materials contain:

a.      sensitive technical information including research and development, manufacturing, and patent prosecution information, as well as technical material, documents, or data;

b.      sensitive business information including sensitive financial, marketing, sales, or web traffic information and the identity of suppliers, distributors, and customers (potential and actual);

c.      competitive technical information including technical analyses or comparisons of competitors' products;

d.      competitive business information including nonpublic financial or marketing analyses or comparisons of competitor's products and strategic product planning as well as information or data relating to future products or services not yet commercially released and/or strategic plans;

LEX TECNICA
LTD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 5185535

e.      commercial agreements, licenses, settlement agreements, settlement communications, or terms of the foregoing, the disclosure of which is likely to cause harm to the competitive position of the producing party;

f.      trade secrets, pricing, cost or profit information, sales or marketing forecasts or plans, business plans, sales or marketing strategies, product or services development information, engineering documents, testing documents, confidential employee information, customer lists, vendor lists, and other non-public information of similar competitive and business sensitivity; or

g.      any other CONFIDENTIAL information the producing party reasonably and in good faith believes would likely cause harm if disclosed to anyone other than those listed in paragraph 9(a)-(h).

7.      A party may designate all or a portion of any deposition testimony or deposition exhibits as CONFIDENTIAL or ATTORNEYS' EYES ONLY when the deposition is taken, by requesting the court reporter so designate in the transcript, or by providing notice of the designations(s) to all other parties in writing no later than 30 days after receipt of the deposition transcript by the party making the designation(s). Designations not made during the deposition or within 30 days after receipt of the deposition transcript shall be waived.

8.      A nonparty producing information (including testimony), documents, or other materials, or as required by a subpoena, may designate the information (including testimony), documents, or other materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

***Disclosure and Use of Designated Information, Documents, or Other Materials***

9.      <u>CONFIDENTIAL</u>. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other materials designated as CONFIDENTIAL by any other party or nonparty under this SPO, except that disclosures may be made to the following:

a.      counsel for a party, who are acting in a legal capacity and are actively engaged in this matter, or paralegals, law firm staff, or associates supporting counsel in that capacity;

b.      court personnel;

LEX TECNICA
LTD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 518-5535

c.      court-appointed special masters;

d.      court reporters, recorders, and videographers engaged for depositions;

e.      court-appointed or jointly-selected mediator or arbitrator;

f.      technical advisors, including, but not limited to, outside experts, jury consultants, researchers, or investigators, who are not a party to the action, not presently employed by the receiving party or a company affiliated through common ownership with the receiving party, but have been retained to provide technical or other expert services (e.g., expert testimony or assist in litigation or trial preparation), but no disclosure shall be made until an Acknowledgment and Agreement to be Bound (Attachment A) has been signed by the person to whom the disclosure is to be made;

g.      deposition and trial witnesses in connection with their testimony in the lawsuit;

h.      independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

i.      the insurer of a party to the litigation and their employees to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes;

j.      a party's representatives, officers, and employees as necessary to assist counsel with this litigation; and

k.      if those listed in paragraph 9(a)-(j) engage their partners, associates, employees, staff, paralegals or other personnel to render reasonably necessary professional services, then these individuals must be advised of the provisions of this SPO and must hold the information, documents, or other materials in confidence.

10.     ATTORNEYS' EYES ONLY. The parties and counsel for the parties may permit the disclosure of any information, documents, or other materials designated as ATTORNEYS' EYES ONLY by any other party or nonparty under this SPO only to those persons identified in paragraph 9(a)-(h).

11.     Information, documents, or other materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this SPO must not be used for any purpose whatsoever other

LEX TECNICA
LTD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 518-5535

than preparing for and conducting the litigation in which the information, documents, or other materials were disclosed (including appeals).

12.    Nothing in this SPO shall restrict in any way a producing party's use or disclosure of its own designated material. Nothing in this SPO shall be construed to prejudice any party's right to use any designated material in court or in any court filing with the consent of the producing party or by order of the Court. This SPO is without prejudice to the right of any producing party to seek further or additional protection of any designated material, or to seek modification of this SPO in any way, including, without limitation, an order that certain matter not be produced at all.

13.    For the avoidance of doubt, the protections conferred by this SPO do not cover the following: (a) any information that is in the public domain at the time of disclosure to a receiving party, including, but not limited to: (i) advertising materials that have been actually published or publicly disseminated; (ii) materials that have been published or disseminated to the general public; or (iii) documents that have been submitted to any governmental entity without request for confidential treatment; (b) any information that becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this SPO or other obligation to maintain the confidentiality of such information, including, but not limited to, becoming part of the public record through trial or otherwise; (c) any information that the receiving party can show was already publicly known prior to the disclosure or that the receiving party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; (d) any information which the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's confidential or protected material; and (e) any information which the Parties agree in writing does not constitute confidential or protected material.

### *Inadvertent Failure to Designate and Inadvertent Disclosure*

14.    <u>Inadvertent Failure to Designate</u>. If a party inadvertently discloses information, documents, or other materials containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other materials

do not lose their protected status by production. The producing party must take all steps reasonably required to assure its continued confidentiality, including: (a) providing written notice to the receiving party within 10 days of the discovery of the inadvertent production; (b) identifying the information, document, or other materials in question; and (c) simultaneously providing appropriately designated substitute copies. Within five (5) days of receiving notice and the production of substitute copies, the receiving party must destroy or return undesignated information, documents, or other materials and all copies thereof, and shall provide the producing party with written confirmation of compliance with this Paragraph of the SPO.

15. Inadvertent Disclosure of Information Covered by Privilege including Attorney Client Privilege, Joint Defense, or Work Product Protection ("Protected Status") in Information, Documents, or Other Materials Designated CONFIDENTIAL or ATTORNEYS' EYES ONLY Whether inadvertent or otherwise, the disclosure of any information, documents, or other materials that are subject to an objection based on Protected Status will not be deemed to waive party's claim to its Protected Status and will not stop that party or the privilege holder from designating the information or documents as covered by Protected Status at a later date.

16. If a person or entity inadvertently discloses information, documents, or other materials that it believes is subject to a claim of Protected Status, the producing party may give prompt written notice to the receiving party that the information, documents, or other materials are subject to a claim of Protected Status. Upon receiving such notice, regardless of whether the receiving party agrees with the claim of Protected Status, the receiving party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the receiving party disclosed it to one or more third parties before being notified of the claim of Protected Status; and may promptly present the information to the court under seal for a determination of the claim provided, however, that the producing party first makes a reasonable effort to resolve the dispute without court assistance. The producing party must preserve the information until the claim is resolved.

*Maintenance of Designations*

17.    Except as permissibly disclosed as provided in paragraphs 9-11 above, counsel for the parties must keep all information, documents, or other materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY that are received under this SPO secure within their exclusive possession and must place the information, documents, or other materials in a secure area.

18.    All documents, including attorney notes, abstracts, and copies, that contain another's CONFIDENTIAL or ATTORNEYS' EYES ONLY information must be handled as if they were so designated.

19.    ~~If any discovery responses, deposition transcripts, memoranda, or any other papers filed with the court include CONFIDENTIAL or ATTORNEYS' EYES ONLY information, they~~

See order issued
concurrently herewith

~~so designated and filed consistent with LR IA 10-5. If the sole ground for filing documents ted CONFIDENTIAL or ATTORNEYS' EYES ONLY under seal is that the opposing party (or non-party) has designated the documents as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this SPO, then the designating party (or non-party) shall, within seven days after being served with a motion to seal such documents, file and serve either: (a) a declaration establishing sufficient legal justification for sealing each document at issue; or (b) a notice of withdrawal of the designation(s) and consent to the unsealing of the document(s). If neither filing is made, the Court may order the document(s) unsealed without further notice.~~

20.    ~~If a filing contains information, documents, or other materials that were designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by a nonparty, the party making the filing must provide prompt written notice of the filing to the nonparty.~~

21.    If information, documents, or other materials are reviewed by a receiving party before production, any knowledge learned during the review will be treated by the receiving party as ATTORNEYS' EYES ONLY until the information has been produced, at which time an affixed designation controls. Absent the express permission of the producing party, or as otherwise permitted by an order or rule of the Court, no photograph or any other means of duplication, including electronic means, is permitted before the information is produced with the appropriate

designation. Any such duplicate will be treated by the receiving party as having the same designation as the original. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and designated.

22. If a question is asked at a deposition and a party claims the answer requires the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the following must occur:

a. every person present must be advised of this SPO by the party asserting confidentiality;

b. all persons who are not allowed to receive the information under this SPO, other than the witness, must leave the deposition while the information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is disclosed; and

c. the witness must answer the question completely.

23. If a receiving party is served a subpoena or court order, issued in a separate action, that seeks CONFIDENTIAL or ATTORNEYS' EYES ONLY designated information, documents, or other materials produced by another party in this action, the receiving party must give written notice of the same within no more than three (3) business days to counsel for the producing party to allow the producing party a meaningful opportunity to challenge the subpoena or court order before the deadline to comply. Such written notice must include a copy of the subpoena or court order. The receiving party must also immediately (1) inform in writing the party or authority that caused the subpoena or order to issue in the other litigation or judicial proceeding, that some or all the material sought is the subject of this SPO and (2) deliver a copy of this SPO promptly to that party or authority. The producing party shall bear the burden and the expenses of seeking protection of its CONFIDENTIAL or ATTORNEYS' EYES ONLY designated information in the court or other forum from which the subpoena or order issued. No compulsory disclosure to nonparties of CONFIDENTIAL or ATTORNEYS' EYES ONLY designated information, documents, or other materials under this SPO is deemed a waiver of any claim of confidentiality, except when there is a judicial determination finding otherwise. Nothing in the provisions of this paragraph should be

construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court or judicial authority.

### *Challenges to a Designation*

24.    A party may challenge the producing party's designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY at any time except within fifteen (15) days of the dispositive motion deadline or trial.

25.    To challenge the designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY, the receiving party must make reasonable efforts, without court assistance, to resolve the dispute. At a minimum, those efforts must include:

a.    a prompt written communication sent to the producing party identifying the information, documents, or other materials at issue and specifying why they believe the designation is improper; and

b.    a request that the producing party meet and confer, including suggested dates and times.

26.    If the parties are unable to resolve the dispute after engaging in reasonable efforts as set forth in paragraph 25(a)-(b), the receiving party may file a motion to compel a change in the designation. The motion must include a certification that states:

a.    the parties made reasonable efforts to reach agreement on the disputed matters;

b.    the date, time, and method of the reasonable efforts; and

c.    the names of all participating parties or attorneys.

27.    In the event of a motion to compel or other dispute over the propriety of a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation, the producing party bears the burden of proving that the designation is proper. The producing party's failure to engage in reasonable efforts to resolve the dispute or respond to an appropriately filed motion may result in the designation as requested by the receiving party.

28.    ~~If a dispute about a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation or a dispute about whether a document is subject to Protected Status delays discovery, these proceedings, or prevents a full and fair examination of a witness during its, his, or her deposition,~~

The meet-and-confer must be held in compliance with LR IA 1-3(f).



**DENIED.** *See*
Fed. R. Civ. P.
29(b).

3   ~~the parties agree that upon resolution of the dispute in favor of the party seeking the discovery, the~~
~~discovery may be had at a later date including, if necessary, after the close of discovery, to ensure~~
~~such delay does not prejudice the party's ability to obtain discovery.~~

### *Conclusion of Litigation*

5   29.    Unless otherwise ordered or agreed in writing by the designating party, within sixty

6   (60) calendar days after the final termination of this Action, including any and all appeals, each

7   receiving party must return all designated material, except attorney work product, to the designating

8   party, or, with the written permission of the designating party, destroy such material and certify

9   that fact in writing to the designating party.

10   30.    Notwithstanding the requirements of the preceding paragraph, a party may retain a

11   complete set of all documents filed with the Court, subject to all other restrictions of this SPO.

12   31.    The provisions of this SPO shall not be binding to the extent that such provisions

13   conflict with applicable Federal or State law.

14   ### *Continuing Jurisdiction to Enforce*

15   32.    After the termination of this action, the Court will continue to have jurisdiction to

16   enforce this SPO.

17   33.    Nothing in this Protective Order abridges the right of any person to seek

18   modification of this Protective Order from the Court in the future.

19   34.    This Protective Order shall not prevent, or otherwise restrict counsel from

20   rendering advice to their clients, and, in the course thereof, relying generally on examination of

21   designated material, provided that, in rendering such advice, and otherwise communicating with

22   such clients, counsel shall not make disclosure of the designated material except as otherwise

23   permitted by this Protective Order

24

25   IT IS SO ORDERED.
Dated:  May 20, 2025

26   .
.

27

28

Nancy J. Koppe
United States Magistrate Judge

LEX TECNICA
LTD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 518-5535

**IT IS SO AGREED AND STIPULATED:**

Dated: April 8, 2025.

Dated: April 8, 2025

**LEX TECNICA, LTD.**

**DECHERT LLP**

/s/  *F. Christopher Austin*

F. Christopher Austin, Esq. (NVB 6559)
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

*Attorneys for Plaintiff Adherence*

/s/  *Jennifer Insley-Pruitt*

JENNIFER INSLEY-PRUITT, ESQ.
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3653
*Attorneys for Defendants CVS Parmacy, Inc.
And Asembia, LLC*

- 11 -