Chad R. Fears, Esq. (SBN 6970)
EVANS FEARS SCHUTTERT MCNULTY
MICKUS
6720 Via Austi Parkway, Suite 300
Las Vegas, Nevada 89119
Telephone:  702-805-0290
Facsimile:  702-805-0291
Email: cfears@efsmmlaw.com

Jeffrey S. Edwards (*pro hac vice*)
Luke M. Reilly (*pro hac vice*)
Eric Rotteveel (*pro hac vice*)
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000 (Telephone)
(215) 994-2222 (Facsimile)
Email: jeffrey.edwards@dechert.com
        luke.reilly@dechert.com
        eric.rotteveel@dechert.com

*Attorneys for Defendants CVS Pharmacy, Inc.
and Asembia, LLC*

Jennifer Insley-Pruitt (*pro hac vice*)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500 (Telephone)
(212) 698-3599 (Facsimile)
Email: jennifer.insley-pruitt@dechert.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ADHERENCE d/b/a of MORISKY MEDICATION ADHERENCE RESEARCH LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; and ASEMBIA, LLC, a Delaware limited liability company,<br><br>Defendants. | **Case No. 2:24-cv-01590-JCM-NJK**<br><br>**DEFENDANT ASEMBIA, LLC'S ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT**<br><br>**[FILED UNDER SEAL]** |

Defendant Asembia, LLC ("Asembia" or "Defendant") for its Answer in response to the First Amended Complaint filed by Adherence d/b/a of Morisky Medication Adherence Research LLC ("Adherence" or "Plaintiff") states as follows

**NATURE OF ACTION**

i.      Asembia admits that Plaintiff purports to bring a claim for trademark infringement and/or unfair competition under 15 U.S.C. § 1125 and for common law trademark infringement under Nevada state law and admits that Plaintiff previously purported to bring clams of copyright infringement, deceptive trade practices, and intentional interference with deceptive trade practices, but avers that Plaintiff's claims of copyright infringement, deceptive trade practices, and intentional interference with deceptive trade practices were dismissed with prejudice from this action and otherwise denies the allegations contained in Unnumbered Paragraph (i).

ii.      Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Unnumbered Paragraph (ii) and therefore denies those allegations, except states that the Court has found that the identified MMAS-4 and MMAS-8 adherence scales are uncopyrightable, denies that the identified copyright registrations for the MMAS-4 and MMAS-8 questionnaires are valid, denies that the identified trademark registration for the asserted MMAS mark is valid, and denies that the referenced assignment executed in 2023 is valid.

iii.      Asembia denies the allegations of Unnumbered Paragraph (iii), except denies sufficient knowledge or information to form a belief as to the truth of the allegations regarding Adherence's knowledge and therefore denies those allegations.

**JURISDICTION**

1.      Paragraph 1 states legal conclusions to which no answer is required.  To the extent an answer is required, Asembia does not contest that this Court has subject matter jurisdiction over Plaintiffs' remaining claims.  Asembia denies that Plaintiffs have any valid claims.

2.      Paragraph 2 states legal conclusions to which no answer is required.  To the extent an answer is required, Asembia does not contest personal jurisdiction in this judicial district for the limited purpose of this action only.  Asembia denies the remaining allegations of Paragraph 2.

3.      Paragraph 3 states legal conclusions to which no answer is required.  To the extent an answer is required, Asembia does not contest that venue is proper in this judicial district as to Asembia for the limited purpose of this action only.  Asembia denies the remaining allegations of

Paragraph 3.

**PARTIES**

2.      Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2[1] and therefore denies those allegations, except denies that Plaintiff's asserted "Morisky Marks" and "Morisky Copyrights" are valid and denies that the assignment agreement assigning the identified "Morisky Marks" and "Morisky Copyrights" to Plaintiff is valid.

3.      Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3[2] and therefore denies those allegations.

4.      Asembia admits that it is a Delaware limited liability company having an address at 200 Park Ave, Suite 300, Florham Park, NJ 07932.  Asembia also admits that it markets, offers, licenses, and supports the Asembia-1 Platform, and denies that the Asembia-1 Platform infringes any rights held by Plaintiff.  Asembia denies the remaining allegations of Paragraph 4.

**ALLEGATIONS COMMON TO ALL CLAIMS**

5.      Asembia states that Plaintiff's claims of copyright infringement and intentional interference with prospective contractual relations have been dismissed by the Court.  *See* Dkt. No. 65 at 3.  Accordingly, no answer is required as to any allegations relating to those claims.  To the extent an answer is required, Asembia denies those allegations.  Asembia denies the remaining allegations of Paragraph 5.

6.      Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies those allegations.

7.      Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies those allegations.

8.      Asembia is without sufficient knowledge or information to form a belief as to the

---

[1] Plaintiff's First Amended Complaint has two instances each of Paragraph 2 and Paragraph 3. *See* Dkt. No. 9 at 2-3.  For the convenience of the Court and the parties, Asembia preserves Plaintiff's original numbering from the First Amended Complaint in this answer.
[2] *See supra*, n.1.

truth of the allegations of Paragraph 8 and therefore denies those allegations.

9.    Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies those allegations.

10.    Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies those allegations.

11.    Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies those allegations.

12.    Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies those allegations.

13.    Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies those allegations.

14.    Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies those allegations.

15.    Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies those allegations.

16.    Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies those allegations.

17.    Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies those allegations.

18.    Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies those allegations.

19.    Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies those allegations.

20.    Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies those allegations.

21.    Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies those allegations.

22.     Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies those allegations.

23.     Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies those allegations.

24.     Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies those allegations.

25.     Asembia states that the Court has found Plaintiff's works asserted in this action to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement.  *See* Dkt. No. 65 at 3.  Accordingly, no answer is required to Paragraph 25.  To the extent an answer is required, Asembia denies the allegations of Paragraph 25.

26.     Asembia states that the Court has found Plaintiff's works asserted in this action to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement.  *See* Dkt. No. 65 at 3.  Accordingly, no answer is required to Paragraph 26.  To the extent an answer is required, Asembia denies the allegations of Paragraph 26.

27.     Paragraph 27 states legal conclusions to which no answer is required.  To the extent an answer is required, Asembia denies the allegations of Paragraph 27.

28.     Asembia admits that Exhibit 1 purports to be a copy of a copyright registration bearing the registration number TX 8-285-390 issued to Donald E. Morisky, but denies that the MMAS-4 work purportedly covered by the identified registration is protectable by copyright and states that the Court has found Plaintiff's MMAS-4 questionnaire to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement.  Asembia is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 28 and therefore denies those allegations.

29.     Asembia admits that Exhibit 2 purports to be a copy of a copyright registration bearing the registration number TX 8-632-533 issued to Donald E. Morisky, but denies that the MMAS-8 work purportedly covered by the identified registration is protectable by copyright and states that the Court has found Plaintiff's MMAS-8 questionnaire to be uncopyrightable and

dismissed Plaintiff's claim for copyright infringement. *See* Dkt. No. 65 at 3. Asembia is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 29 and therefore denies those allegations.

30. Paragraph 30 states legal conclusions to which no answer is required. To the extent an answer is required, Asembia denies the allegations of Paragraph 30.

31. Asembia states that the Court has found Plaintiff's asserted "Morisky Copyrights" to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement. *See* Dkt. No. 65 at 3. Accordingly, no answer is required to Paragraph 31. To the extent an answer is required, Asembia denies the allegations of Paragraph 31.

32. Asembia states that the Court has found Plaintiff's asserted "MMAS-4 and MMAS-8 Copyrights" to be invalid and dismissed Plaintiff's claim for copyright infringement. *See* Dkt. No. 65 at 3. Accordingly, no answer is required to Paragraph 32. To the extent an answer is required, Asembia denies the allegations of Paragraph 32.

33. Asembia denies the allegations of Paragraph 33.

34. Asembia denies the allegations of Paragraph 34.

35. Asembia admits that Exhibit 3 purports to be a copy of U.S. Trademark Reg. No. 5,837,273 for the mark MMAS. Asembia denies the remaining allegations of Paragraph 35.

36. Asembia denies the allegations of Paragraph 36.

37. Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 37 and therefore denies those allegations.

38. Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 38 and therefore denies those allegations.

39. Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 39 and therefore denies those allegations, except states that the Court has found Plaintiff's asserted "Morisky Scales" to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement, and further denies that Plaintiff's asserted "Morisky Mark" are valid trademarks, and therefore denies that Plaintiff's asserted Morisky Scales and

Morisky Marks may be properly licensed by Adherence. *See* Dkt. No. 65 at 3.

40.     Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 40 and therefore denies those allegations.

41.     Asembia admits that Exhibit 4 purports to be a copy of a LinkedIn message from Ali Mohempour, PharmD. Asembia is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 41 and therefore denies those allegations.

42.     Asembia admits that Exhibit 5 purports to be a copy of email correspondence between Philip Morisky and Veena Chien. Asembia admits that the quoted language appears in Exhibit 5 with the exception of the bracketed text added by Plaintiff. Asembia denies the remaining allegations of Paragraph 42.

43.     Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 43 and therefore denies those allegations.

44.     Asembia admits that Exhibit 6 purports to be a copy of a press release from CVS Health. Asembia is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 44 and therefore denies those allegations.

45.     Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 45 and therefore denies those allegations.

46.     Asembia denies the allegations of Paragraph 46.

47.     Asembia denies the allegations of Paragraph 47.

48.     Asembia admits that the quoted language appears in Exhibit 9. Asembia denies the remaining allegations of Paragraph 48.

49.     Asembia admits that the quoted language appears in Exhibit 9. Asembia denies the remaining allegations of Paragraph 49.

50.     Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 50 and therefore denies those allegations.

51.     Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 51 and therefore denies those allegations.

52.    Asembia admits that Exhibit 10 purports to be a copy of email correspondence between Philip Morisky and Lucille Accetta.   Asembia is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 52 and therefore denies those allegations.

53.    Asembia admits the allegations of Paragraph 53.

54.    Paragraph 54 contains allegations relating to the content of communications between counsel made for the purposes of settlement pursuant to Federal Rule of Evidence 408. Accordingly, no answer to the allegations of Paragraph 54 is required.  To the extent an answer is required, Asembia admits that counsel for Asembia and counsel for Plaintiff spoke several times, including on February 21, 2024.  Asembia denies the remaining allegations of Paragraph 54.

55.    Asembia admits the allegations of Paragraph 55.

56.    Paragraph 56 contains allegations relating to the content of communications between counsel made for the purposes of settlement pursuant to Federal Rule of Evidence 408. Accordingly, no answer to the allegations of Paragraph 56 is required.  To the extent an answer is required, Asembia denies the allegations of Paragraph 56.

57.    Paragraph 57 contains allegations relating to the content of communications between counsel made for the purposes of settlement pursuant to Federal Rule of Evidence 408. Accordingly, no answer to the allegations of Paragraph 57 is required.  To the extent an answer is required, Asembia denies the allegations of Paragraph 57.

58.    Paragraph 58 contains allegations relating to the content of communications between counsel made for the purposes of settlement pursuant to Federal Rule of Evidence 408. Accordingly, no answer to the allegations of Paragraph 58 is required.  To the extent an answer is required, Asembia denies the allegations of Paragraph 58.

59.    Asembia denies the allegations of Paragraph 59.

60.    Asembia states that Plaintiff's claim for intentional interference has been dismissed by the Court.  *See* Dkt. No. 65 at 3.  Accordingly, no answer is required as to any allegations relating to this claim.  To the extent an answer is required, Asembia is without sufficient knowledge or

information to form a belief as to the truth of the allegations of Paragraph 60 and therefore denies those allegations.

61.    Asembia states that Plaintiff's claim for intentional interference has been dismissed by the Court. *See* Dkt. No. 65 at 3. Accordingly, no answer is required as to any allegations relating to this claim. To the extent an answer is required, Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 61 and therefore denies those allegations.

62.    Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 62 and therefore denies those allegations.

63.    Asembia states that Plaintiff's claim for intentional interference has been dismissed by the Court. *See* Dkt. No. 65 at 3. Accordingly, no answer is required as to any allegations relating to this claim. To the extent an answer is required, Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 63 and therefore denies those allegations.

64.    Asembia states that Plaintiff's claim for intentional interference has been dismissed by the Court. *See* Dkt. No. 65 at 3. Accordingly, no answer is required as to any allegations relating to this claim. To the extent an answer is required, Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 64 and therefore denies those allegations.

65.    Asembia states that Plaintiff's claim for intentional interference has been dismissed by the Court. *See* Dkt. No. 65 at 3. Accordingly, no answer is required as to any allegations relating to this claim. To the extent an answer is required, Asembia denies the allegations of Paragraph 65.

66.    Asembia admits that it licenses the Asembia-1 platform to specialty pharmacies, clinical providers, and related companies. Asembia denies the remaining allegations of Paragraph 66.

67.    Asembia is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 67 and therefore denies those allegations.

68.    Asembia denies the allegations of Paragraph 68.

69.    Asembia denies the allegations of Paragraph 69.

70.    Asembia denies the allegations of Paragraph 70.

71.    Asembia denies the allegations of Paragraph 71.

**FIRST CLAIM FOR RELIEF**

(Trademark Infringement – 15 U.S.C. § 1125)

72.    Asembia incorporates by reference its responses to each of the preceding paragraphs of Plaintiffs' First Amended Complaint.  Except as expressly admitted above, Asembia denies any remaining allegations of the preceding paragraphs of Plaintiff's First Amended Complaint Complaint as if fully set forth herein.

73.    Asembia denies the allegations of Paragraph 73.

74.    Asembia denies the allegations of Paragraph 74.

75.    Asembia denies the allegations of Paragraph 75.

76.    Asembia denies the allegations of Paragraph 76.

77.    Asembia denies the allegations of Paragraph 77.

78.    Asembia denies the allegations of Paragraph 78.

79.    Asembia denies the allegations of Paragraph 79.

80.    Asembia denies the allegations of Paragraph 80.

81.    Asembia denies the allegations of Paragraph 81.

**SECOND CLAIM FOR RELIEF**

(Copyright Infringement – 17 U.S.C. § 101 et seq.)

82.    Asembia incorporates by reference its responses to each of the preceding paragraphs of Plaintiffs' First Amended Complaint.  Except as expressly admitted above, Asembia denies any remaining allegations of the preceding paragraphs of Plaintiff's First Amended Complaint as if fully set forth herein.

83.    Asembia states that the Court has found Plaintiff's asserted works to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement.  *See* Dkt. No. 65 at 3.

Accordingly, no answer is required to Paragraph 83. To the extent an answer is required, Asembia denies the allegations of Paragraph 83.

84. Asembia states that the Court has found Plaintiff's asserted works to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement. *See* Dkt. No. 65 at 3. Accordingly, no answer is required to Paragraph 84. To the extent an answer is required, Asembia denies the allegations of Paragraph 84 and specifically denies that Plaintiff's asserted "MMAS-4 and MMAS-8 Copyrights" are the subject of valid United States copyright registrations.

85. Asembia states that the Court has found Plaintiff's asserted works to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement. *See* Dkt. No. 65 at 3. Accordingly, no answer is required to Paragraph 85. To the extent an answer is required, Asembia denies the allegations of Paragraph 85.

86. Asembia states that the Court has found Plaintiff's asserted Morisky Copyrights to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement. *See* Dkt. No. 65 at 3. Accordingly, no answer is required to Paragraph 86. To the extent an answer is required, Asembia denies the allegations of Paragraph 86.

87. Asembia states that the Court has found Plaintiff's asserted works to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement. *See* Dkt. No. 65 at 3. Accordingly, no answer is required to Paragraph 87. To the extent an answer is required, Asembia denies the allegations of Paragraph 87.

88. Asembia states that the Court has found Plaintiff's asserted works to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement. *See* Dkt. No. 65 at 3. Accordingly, no answer is required to Paragraph 88. To the extent an answer is required, Asembia denies the allegations of Paragraph 88.

89. Asembia states that the Court has found Plaintiff's asserted works to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement. *See* Dkt. No. 65 at 3. Accordingly, no answer is required to Paragraph 89. To the extent an answer is required, Asembia denies the allegations of Paragraph 89.

90. Asembia states that the Court has found Plaintiff's asserted works to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement. *See* Dkt. No. 65 at 3. Accordingly, no answer is required to Paragraph 90. To the extent an answer is required, Asembia denies the allegations of Paragraph 90.

91. Asembia states that the Court has found Plaintiff's asserted works to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement. *See* Dkt. No. 65 at 3. Accordingly, no answer is required to Paragraph 91. To the extent an answer is required, Asembia denies the allegations of Paragraph 91.

92. Asembia states that the Court has found Plaintiff's asserted works to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement. *See* Dkt. No. 65 at 3. Accordingly, no answer is required to Paragraph 92. To the extent an answer is required, Asembia denies the allegations of Paragraph 92.

93. Asembia states that the Court has found Plaintiff's asserted works to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement. *See* Dkt. No. 65 at 3. Accordingly, no answer is required to Paragraph 93. To the extent an answer is required, Asembia denies the allegations of Paragraph 93.

94. Asembia states that the Court has found Plaintiff's asserted works to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement. *See* Dkt. No. 65 at 3. Accordingly, no answer is required to Paragraph 94. To the extent an answer is required, Asembia denies the allegations of Paragraph 94.

95. Asembia states that the Court has found Plaintiff's asserted works to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement. *See* Dkt. No. 65 at 3. Accordingly, no answer is required to Paragraph 95. To the extent an answer is required, Asembia denies the allegations of Paragraph 95.

96. Asembia states that the Court has found Plaintiff's asserted works to be uncopyrightable and dismissed Plaintiff's claim for copyright infringement. *See* Dkt. No. 65 at 3. Accordingly, no answer is required to Paragraph 96. To the extent an answer is required, Asembia

1    denies the allegations of Paragraph 96.

2        97.    Asembia states that the Court has found Plaintiff's asserted works to be

3    uncopyrightable and dismissed Plaintiff's claim for copyright infringement.  *See* Dkt. No. 65 at 3.

4    Accordingly, no answer is required to Paragraph 97.  To the extent an answer is required, Asembia

5    denies the allegations of Paragraph 97.

6    **THIRD CLAIM FOR RELIEF**

7    (Common Law Trademark Infringement)

8        98.    Asembia incorporates by reference its responses to each of the preceding paragraphs

9    of Plaintiffs' First Amended Complaint.  Except as expressly admitted above, Asembia denies any

10   remaining allegations of the preceding paragraphs of Plaintiff's First Amended Complaint as if

11   fully set forth herein.

12       99.    Asembia denies the allegations of Paragraph 99.

13       100.    Asembia denies the allegations of Paragraph 100.

14       101.    Asembia denies the allegations of Paragraph 101.

15   **FOURTH CLAIM FOR RELIEF**

16   (Deceptive Trade Practices under N.R.S. § 598.0915)

17       102.    Asembia incorporates by reference its responses to each of the preceding paragraphs

18   of Plaintiffs' First Amended Complaint.  Except as expressly admitted above, Asembia denies any

19   remaining allegations of the preceding paragraphs of Plaintiff's First Amended Complaint as if

20   fully set forth herein.

21       103.    Asembia states that the Court has dismissed Plaintiff's claim for Deceptive Trade

22   Practices under N.R.S. 598.0915.  *See* Dkt. No. 65 at 3.  Accordingly, no answer is required to

23   Paragraph 103.  To the extent an answer is required, Asembia denies the allegations of Paragraph

24   103.

25       104.    Asembia states that the Court has dismissed Plaintiff's claim for Deceptive Trade

26   Practices under N.R.S. 598.0915.  *See* Dkt. No. 65 at 3.  Accordingly, no answer is required to

27   Paragraph 104.  To the extent an answer is required, Asembia denies the allegations of Paragraph

28

1    104.

2                       **FIFTH CLAIM FOR RELIEF**

3              (Intentional Interference with Prospective Contractual Relations)

4         105.    Asembia incorporates by reference its responses to each of the preceding paragraphs

5    of Plaintiffs' First Amended Complaint.  Except as expressly admitted above, Asembia denies any

6    remaining allegations of the preceding paragraphs of Plaintiff's First Amended Complaint as if

7    fully set forth herein.

8         106.    Asembia states that the Court has dismissed Plaintiff's claim of Intentional

9    Interference with Prospective Contractual Relations.  *See* Dkt. No. 65 at 3.  Accordingly, no answer

10   is required to Paragraph 106.  To the extent an answer is required, Asembia denies the allegations

11   of Paragraph 106.

12        107.    Asembia states that the Court has dismissed Plaintiff's claim of Intentional

13   Interference with Prospective Contractual Relations.  *See* Dkt. No. 65 at 3.  Accordingly, no answer

14   is required to Paragraph 107.  To the extent an answer is required, Asembia denies the allegations

15   of Paragraph 107.

16        108.    Asembia states that the Court has dismissed Plaintiff's claim of Intentional

17   Interference with Prospective Contractual Relations.  *See* Dkt. No. 65 at 3.  Accordingly, no answer

18   is required to Paragraph 108.  To the extent an answer is required, Asembia denies the allegations

19   of Paragraph 108.

20        109.    Asembia states that the Court has dismissed Plaintiff's claim of Intentional

21   Interference with Prospective Contractual Relations.  *See* Dkt. No. 65 at 3.  Accordingly, no answer

22   is required to Paragraph 109.  To the extent an answer is required, Asembia denies the allegations

23   of Paragraph 109.

24        110.    Asembia states that the Court has dismissed Plaintiff's claim of Intentional

25   Interference with Prospective Contractual Relations.  *See* Dkt. No. 65 at 3.  Accordingly, no answer

26   is required to Paragraph 110.  To the extent an answer is required, Asembia denies the allegations

27   of Paragraph 110.

28

**PRAYER FOR RELIEF**

Asembia denies that Adherence is entitled to any relief against Asembia, including that specific relief requested by Adherence in the paragraph beginning "WHEREFORE," and subparagraphs (A)-(J), which purport to constitute Adherence's prayer for relief.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiff's claims fail to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff's recovery is barred, in whole or in part, by the doctrine of unclean hands.

**Third Affirmative Defense**

Plaintiff's recovery is barred, in whole or in part, because its alleged trademarks are invalid due to the fact that Plaintiff has abandoned use of those alleged marks for the goods and services in connection with which it claims rights with no intent to resume such use.

**Fourth Affirmative Defense**

Plaintiff's recovery is barred, in whole or in part, because its alleged marks have been abandoned due to Plaintiff's naked licensing of those alleged marks.

**Fifth Affirmative Defense**

Plaintiff's recovery is barred, in whole or in part, because Asembia acted in good faith in the use of Plaintiff's alleged trademarks, thereby barring a finding of willful or intentional infringement and prohibiting the imposition of punitive damages.

**Sixth Affirmative Defense**

Plaintiff's recovery is barred, in whole or in part, by the doctrine of nominative fair use.

**Seventh Affirmative Defense**

Plaintiff's recovery is barred, in whole or in part, because Asembia's alleged use of Plaintiff's alleged trademarks is not considered a trademark use under applicable law.

**Eighth Affirmative Defense**

Plaintiff's recovery is barred, in whole or in part, because Plaintiff does not have standing

to bring its claims because Plaintiff is not the owner or valid assignee of the Alleged Morisky Marks.

## COUNTERCLAIMS

Defendant and Counterclaimant Asembia, LLC hereby alleges for its counterclaims against Plaintiff and Counterdefendant Adherence d/b/a of Morisky Medication Adherence Research LLC as follows:

## INTRODUCTION

1. These counterclaims arise from Adherence's wrongful assertion of invalid trademarks against Asembia, as well as Adherence's false and defamatory statements about Asembia.

2. In this litigation, Plaintiff Adherence seeks to enforce its alleged trademark rights in the terms MORISKY, MORISKY MEDICATION ADHERENCE SCALE, and MMAS (collectively, the "Alleged Morisky Marks") against Asembia. Plaintiff claims rights in MMAS in connection with the goods and services in Classes 9, 16, and 42 identified in U.S. Trademark Registration No. 5,837,273 covering that alleged mark, and further claims that all the Alleged Morisky Marks "have acquired trademark rights in connection with the provision of diagnostic procedures to assess adherence to medication protocols, and in connection with identifying and proscribing compliance and intervention protocols and other related goods." Am. Compl. ¶¶ 33, 35. Plaintiff argues that Asembia has infringed its purported rights in the Alleged Morisky Marks.

3. But all three of Adherence's Alleged Morisky Marks are invalid and unenforceable. To the extent that Adherence ever used any of the Alleged Morisky Marks in United States commerce in connection with the services identified in Paragraph 33 of the First Amended Complaint, or the alleged MMAS mark in connection with the goods and services identified in U.S. Reg. No. 5,837,273, Adherence has ceased such use and has no intention of commencing and / or resuming any such use. Because Adherence has therefore abandoned the Alleged Morisky Marks, Adherence does not hold valid and enforceable trademark rights in any of these marks and U.S. Reg. No. 5,837,273 must be cancelled for non-use.

4.      The Alleged Morisky Marks are also invalid due to Adherence's failure to assert adequate quality control over licensed third-party uses of those marks.  In response to discovery requests propounded by Asembia and/or its co-defendant, Adherence has produced dozens of licenses purporting to license rights to the Alleged Morisky Marks in this action. These licenses reveal that Adherence has continuously and systematically failed and continues to fail to exert quality control over licensees of the Alleged Morisky Marks.  Based on this pattern of naked licensing, the Alleged Morisky Marks have ceased to function as source identifiers of Adherence and Adherence has abandoned any rights it may have had in those marks.

5.      Even as Adherence seeks to enforce its alleged rights in invalid trademarks against Asembia, Adherence has devoted itself to publishing false and defamatory statements about Asembia on the internet.  Adherence has repeatedly stated, falsely, that Asembia committed "fraud" and physically harmed and/or risked physically harming pharmacy patients.  Adherence's false statements of fact represent a clear attack on Asembia's reputation and business and constitute defamation per se under Nevada state law.

6.      Accordingly, Asembia brings these counterclaims seeking cancellation of Plaintiff's U.S. Registration No. 5,837,273, declaratory judgment of invalidity of all of the Alleged Morisky Marks, preliminary and permanent injunctive relief barring Plaintiff from making false and defamatory statements about Asembia, and general damages for Asembia's loss of reputation, goodwill, and competitive position pursuant to Sections 14 and 37 of the Trademark (Lanham) Act of 1946, 15 U.S.C. §§ 1064 and 1119, the Declaratory Judgment Act, 28 U.S.C. § 2201, and Nevada state law.

## **PARTIES**

7.      Counterclaimant Asembia is a Delaware limited liability company with its principal place of business at 200 Park Ave, Suite 300, Florham Park, New Jersey 07932.

8.      On information and belief, and as alleged in the First Amended Complaint, Counterdefendant Adherence is a Nevada limited liability company.

**JURISDICTION**

9.     This Court has subject matter jurisdiction over Asembia's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201.   In addition, this Court has subject matter jurisdiction over Asembia's counterclaim for defamation under 28 U.S.C. § 1332(a) because Asembia and Adherence are citizens of different states, and the amount in controversy exceeds $75,000.

10.     This Court has personal jurisdiction over Adherence because, as alleged in the First Amended Complaint, Adherence is a Nevada limited liability company and therefore resides in this judicial district.

11.     Venue is proper in this district under 28 U.S.C. § 1391.  Adherence filed its First Amended Complaint in this judicial district, and therefore has consented to venue in this Court.

**ADHERENCE DOES NOT HOLD TRADEMARK RIGHTS IN ITS ALLEGED MARKS**

12.     Adherence claims to be the assigned owner of the alleged trademarks MORISKY, MORISKY MEDICATION ADHERENCE SCALE, and MMAS (the "Alleged Morisky Marks"). Am. Compl. ¶¶ 33, 36.

13.     In the First Amended Complaint, Adherence seeks to enforce its supposed rights in the Alleged Morisky Marks against Asembia.  *See* Am. Compl. ¶¶ 72-81, 98-101.

14.     However, because Adherence has ceased use of the Alleged Morisky Marks and/or failed to exert quality control over third party licensees of those marks, Adherence has abandoned the Alleged Morisky Marks and is not entitled to enforce those alleged marks against Asembia.

**A.     Adherence Has Abandoned the MMAS Mark Covered by U.S. Reg. No. 5,837,273**

15.     In the First Amended Complaint, Adherence asserts rights against Asembia in the alleged mark MMAS, as covered in U.S. Registration No. 5,837,273.

16.     According to the records of the United States Patent and Trademark Office, U.S. Registration No. 5,837,273 is held by Donald E. Morisky and covers MMAS in connection with "Computer software for use as a diagnostic tool for assessment of patient medication-taking behavior and compliance" in International Class 9, "Printed materials, namely, test booklets and

forms, all for use as a diagnostic tool for assessment of patient medication-taking behavior and compliance" in International Class 16, and "Providing temporary use of a web-based software application for use as a diagnostic tool for assessment of patient medication-taking behavior and compliance" in International Class 42.

17.     Adherence has alleged that all rights in the registered MMAS mark were assigned by Dr. Donald E. Morisky to Adherence as of June 8, 2023.  Am. Compl. ¶ 36.

18.     Upon information and belief, and based on the discovery materials produced by Adherence in this action and Asembia's investigation of Adherence, Adherence does not currently use the alleged MMAS mark in United States commerce in connection with any of the goods and services identified in U.S. Reg. No. 5,837,273.

19.     For example, Adherence is not using the alleged MMAS mark in United States commerce in connection with any of the goods and services identified in U.S. Reg. No. 5,837,273 on its website at *adherence.cc*, nor does that website indicate that Adherence otherwise uses the alleged MMAS mark in connection with any of the goods or services identified in U.S. Reg. No. 5,837,273.

20.     Adherence has not produced any materials in discovery in this litigation indicating that it currently uses the alleged MMAS mark in connection with any of the goods and services identified in U.S. Reg. No. 5,837,273.

21.     Upon information and belief, Adherence does not intend to resume use of MMAS in United States commerce in connection with any of the goods and services identified in U.S. Reg. No. 5,837,273.

22.     Accordingly, Adherence has abandoned the alleged MMAS mark covered by U.S. Registration No. 5,837,273 by virtue of non-use of that mark in connection with the goods and services identified in the registration.

**B.     Adherence's Has Abandoned Any Common Law Trademark Rights in the Alleged Morisky Marks**

23.     Adherence claims that "[b]y operation of federal trademark law," the alleged marks MORISKY, MORISKY MEDICATION ADHERENCE SCALE, and MMAS "have acquired

trademark rights in connection with the provision of diagnostic procedures to assess adherence to medication protocols, and in connection with identifying and proscribing compliance and intervention protocols and other related goods and services offered in connection with the same." Am. Compl. ¶ 33.

24.     Adherence further claims that the Alleged Morisky Marks "function as secondary source identifiers in that they also identify the source of such diagnostic and intervention protocol and related goods and services" and therefore that the Alleged Morisky Marks "are protectable marks under federal trademark law."  Am. Compl. ¶ 34.

25.     Adherence claims that all rights in the Alleged Morisky Marks were assigned by Dr. Morisky to Adherence as of June 8, 2023.  Am. Compl. ¶ 36.

26.     However, upon information and belief, and based on the discovery materials produced by Adherence in this action and Asembia's investigation of Adherence, Adherence is not currently using any of the Alleged Morisky Marks in United States commerce in connection with the services identified in Paragraph 33 of the First Amended Complaint for which it claims to have established rights in those marks.  *See* Am. Compl. ¶ 33.

27.     Adherence's website does not show use of any of the Alleged Morisky Marks in connection with the services identified in Paragraph 33 of the First Amended Complaint, nor does that website indicate that Adherence otherwise markets such services to United States consumers under the Alleged Morisky Marks. *See* Am. Compl. ¶ 33.

28.     Adherence has not produced any materials in discovery in this litigation indicating that it is currently using any of the Alleged Morisky Marks in connection with the services identified in Paragraph 33 of the First Amended Complaint.  *See* Am. Compl. ¶ 33.

29.     Upon information and belief, and based on the discovery materials produced by Adherence in this action, Adherence does not currently use the Alleged Morisky Marks in United States commerce in connection with the services identified in Paragraph 33 of the First Amended Complaint.  *See* Am. Compl. ¶ 33.

30.     Upon information and belief, and based on the discovery materials produced by

Adherence in this action, Adherence does not intend to resume use of any of the Alleged Morisky Marks in connection with the services identified in Paragraph 33 of the First Amended Complaint.

31.    Accordingly, Adherence has abandoned the Alleged Morisky Marks by virtue of non-use of those marks in connection with the services identified in Paragraph 33 of the First Amended Complaint.

**C.    Adherence Has Abandoned All of the Alleged Morisky Marks Through Systematic Naked Licensing of Those Marks**

32.    Trademark owners may grant licenses to third parties to use their marks, provided that the owners assert reasonable quality control over all such licensed uses of their marks.

33.    When a trademark owner engages in "naked" licensing, or licensing of a mark without enforcing reasonable quality control over the third-party licensed use, the owner loses control of the mark as an indicator of source and of quality and thereby abandons all trademark rights in the mark.

34.    Adherence states in the First Amended Complaint that it "Adherence licenses the [Alleged] Morisky Marks . . . to clinics and researchers for the purpose of improving patient adherence to life-saving medication protocols." *See* Am. Compl. ¶ 2.

35.    In support of this claim, and in the course of discovery in this action, Adherence has produced dozens of trademark licenses purporting to show licensure of the Alleged Morisky Marks.

36.    However, what Adherence's license agreements produced in this action actually show is that Adherence has repeatedly and systematically licensed the Alleged Morisky Marks through "naked" licenses devoid of quality control provisions that would allow Adherence to maintain adequate control over the use of its alleged marks by licensees.

37.    For example, attached as Exhibit 1 is a true and correct copy of a license agreement between Plaintiff and Bordeaux University Hospital.  This license agreement does not allow Adherence to exercise reasonable quality control over the third-party licensed use.

38.    Additionally, attached as Exhibit 2 is a true and correct copy of a license agreement between Plaintiff and Xenon Pharmaceuticals Inc.  This license agreement does not allow Adherence to exercise reasonable quality control over the third-party licensed use.

39.      Additionally, attached as Exhibit 3 is a true and correct copy of a license agreement between Plaintiff and Procare Health Iberia, S.L.  This license agreement does not allow Adherence to exercise reasonable quality control over the third-party licensed use.

40.      Additionally, attached as Exhibit 4 is a true and correct copy of a license agreement between Plaintiff and CSL Behring.  This license agreement does not allow Adherence to exercise reasonable quality control over the third-party licensed use.

41.      Additionally, attached as Exhibit 5 is a true and correct copy of a license agreement between Plaintiff and AssistRx, Inc.  This license agreement does not allow Adherence to exercise reasonable quality control over the third-party licensed use.

42.      Additionally, attached as Exhibit 6 is a true and correct copy of a license agreement between Plaintiff's predecessor in interest Morisky Medication Adherence Research, LLC and Axonal-Biostatem.  This license agreement does not allow Adherence to exercise reasonable quality control over the third-party licensed use.

43.      None of the trademark license agreements attached hereto contain an express contractual right for Adherence to inspect and supervise the licensee's operations.

44.      None of the trademark license agreements attached hereto contain a provision that would allow Adherence to terminate the license if the licensee uses the licensed marks outside the scope of the license.

45.      Most or all of the other trademark licenses that Adherence has produced in this action also lack any such express contractual right to inspect and supervise or termination provision.

46.      Upon information and belief, Adherence did not otherwise exercise actual control over its trademark licensees through inspection or supervision of the licensed goods and / or services.

47.      Accordingly, Adherence has abandoned all rights in the Alleged Morisky Marks through naked licensing of those marks.

## NEED FOR DECLARATORY RELIEF

48.      On October 16, 2024, Adherence filed the First Amended Complaint against

Asembia alleging, *inter alia*, trademark infringement under the Lanham Act, 15 U.S.C. § 1125, copyright infringement pursuant to 17 U.S.C. § 101 *et seq.*, common law trademark infringement, Deceptive Trade Practices under N.R.S. § 598.0915, and Intentional Interference with Prospective Contractual Relations.

49.     On June 26, 2025, Adherence's claims of Copyright Infringement, Deceptive Trade Practices under N.R.S. § 598.0915, and Intentional Interference with Prospective Contractual Relationship were dismissed with prejudice by this Court.  *See* Dkt. No. 65

50.     In the trademark counts that are the sole remaining claims in this action, Adherence alleges that it holds protectable rights in the Alleged Morisky Marks.  Am. Compl. ¶ 33.

51.     Relying on the claim that it owns protectable trademark rights in the Alleged Morisky Marks, Adherence seeks to enjoin Asembia from using those alleged marks and further seeks monetary damages and other relief based on Asembia's allegedly infringing activities.  *Id*. at 19-21.

52.     In view of Adherence's allegations that it holds protectable rights in the Alleged Morisky Marks enforceable against Adherence, and the filing of the Complaint and Amended Complaint in this action, there is a definite and concrete controversy between Adherence and Adherence as to whether Adherence holds rights in the Alleged Morisky Marks.

53.     Notwithstanding Adherence's filing of the initial and First Amended Complaints in this action, it is clear that Adherence has abandoned any rights in the Alleged Morisky Marks through non-use of those alleged marks and / or naked licensing.

54.     Upon information and belief, Adherence cannot show that it holds protectable rights in the Alleged Morisky Marks.

55.     Accordingly, Asembia is entitled to the declaratory relief sought herein.

**<u>ADHERENCE'S DEFAMATORY STATEMENTS ABOUT ASEMBIA</u>**

56.     Since filing this action, Counterdefendant Adherence has published a series of false and defamatory posts about Asembia on its public Linkedin account.  At the time of these posts, Adherence knew that the statements were false and defamatory, or at the least, was negligent in

making the statements.  The posts are available to the public at large, including through search

engines, as well as to Adherence's more-than-2,000 Linkedin followers.

57.    For example, in a post made on or about June 14, 2025, Adherence stated, falsely,

that Asembia committed "fraud" and created a "public health problem," and caused the following

harms to the public to occur:

- "pharmacies made clinical decisions off of bad data."
- "Payers calculated performance off of junk metrics."
- "[Pharmacy a]ccreditation was granted on a false foundation."

Ex. 7.  Public comments posted below Adherence's post included "We appreciate you bringing this

to light!!" *Id.*  Adherence responded that "Patients have rights to know! Can you imagine a

pharmacist telling the patient they are doing fine but in reality they are actually really low adherent

and at risk! It could become a class action liability!" *Id.*

58.    In a similar Linkedin post about this litigation on or about June 17, 2025, Adherence

stated falsely that Asembia "endanger[ed] patient care," adding that "[p]atients have a right to know

if they were improperly diagnosed and all the liabilities that come with that."  Ex. 8.

59.    At the time Adherence published these posts, Adherence knew or was at least

negligent about the falsity of its statements, including but not limited to the assertions that Asembia

caused harm or risks to patient health or safety or to public health, caused pharmacies to "ma[k]e

clinical decisions off of bad data," caused pharmacies to be accredited "on a false foundation," or

caused reimbursing payers to calculate performance off of "junk metrics" or to make

"[il]legitimate" payments, or that Asembia committed fraud.

60.    Adherence has no support for the false and defamatory statements identified herein.

61.    In an effort to mitigate the harm from Adherence's false and defamatory posts about

Asembia, Asembia's counsel wrote Adherence's litigation counsel on June 25, 2025 to demand that

Adherence take down the posts from the internet and desist from any further defamation.  Ex. 9.

Thereafter, Adherence tacitly acknowledged the merits of Asembia's complaint by editing the prior

posts to remove portions of the false and defamatory language cited in Asembia's counsel's letter. Ex. 10; Ex. 11.

62.     Adherence's false and defamatory statements were made in a deliberate effort to harm the reputation of Asembia, including with actual and potential pharmacy customers, patients, and accreditation organizations, and on information and belief did so harm Asembia's reputation, goodwill and standing among those in the healthcare-related industries it serves, including the pharmacy industry, hospital and health systems, pharmaceutical and biotech manufacturers, physicians, and patients, accreditation organizations, and the general public.

## FIRST COUNTERCLAIM

(Cancellation of U.S. Reg. No. 5,837,273 – Abandonment by Non-Use)

63.     Asembia repeats and realleges each of the foregoing allegations as if fully set forth herein.

64.     Upon information and belief, and upon Asembia's investigation of Adherence, Adherence has abandoned the alleged MMAS mark as shown in U.S. Registration No. 5,837,273 because Adherence is not using that alleged mark in United States commerce in connection with the goods and services identified in the Registration and Adherence does not intend to resume use of MMAS for such goods and services.

65.     Asembia is likely to be damaged by Adherence's continued registration of the alleged MMAS mark in U.S. Registration No. 5,837,273, because Adherence has asserted U.S. Registration No. 5,837,273 in this proceeding as a basis for meritless allegations against Asembia.

66.     Asembia is therefore entitled to an order cancelling Registration No. 5,837,273 pursuant to 15 U.S.C. § 1119.

## SECOND COUNTERCLAIM

(Cancellation of U.S. Reg. No. 5,837,273 – Abandonment By Naked Licensing)

67.     Asembia repeats and realleges each of the foregoing allegations as if fully set forth herein.

68.     Upon information and belief, and based on the trademark licenses produced by

Adherence in this action, Adherence does not and is not able to legitimately exercise control over the uses of the alleged MMAS mark by licensees.

69.    Adherence has engaged in systematic naked and unsupervised licensing of the alleged MMAS mark to third parties.

70.    Through such naked licensing, Adherence has abandoned any rights it might once have had in the alleged MMAS mark.

71.    Asembia is likely to be damaged by Adherence's continued registration of the alleged MMAS mark in U.S. Registration No. 5,837,273, because Adherence has asserted Registration No. 5,837,273 in this proceeding as a basis for meritless allegations against Asembia.

72.    Asembia is therefore entitled to an order cancelling Registration No. 5,837,273 pursuant to 15 U.S.C. § 1119.

## THIRD COUNTERCLAIM

(Declaratory Judgment of Invalidity of Trademarks – Abandonment by Non-Use)

73.    Asembia repeats and realleges each of the foregoing allegations as if fully set forth herein.

74.    Adherence claims that the Alleged Morisky Marks have acquired trademark rights "in connection with the provision of diagnostic procedures to assess adherence to medication protocols, and in connection with identifying and proscribing compliance and intervention protocols and other related goods and services offered in connection with the same." Am. Compl. ¶ 33.

75.    Upon information and belief, and upon Asembia's investigation of Adherence, Adherence has abandoned the Alleged Morisky Marks because Adherence is not using the Alleged Morisky Marks in United States commerce in connection with the services identified in Paragraph 33 of the First Amended Complaint and Adherence does not intend to resume use of the Alleged Morisky Marks for such services.

76.    Asembia is likely to be damaged by the continued assertion of the Alleged Morisky Marks against Asembia in this proceeding, because these marks serve as a basis for meritless

1   allegations against Asembia.

2        77.    Asembia is therefore entitled to a declaratory judgment that the Alleged Morisky

3   Marks are not in use for the services identified by Adherence in Paragraph 33 of the First Amended

4   Complaint and therefore are not protectable trademarks and source identifiers of Adherence.

5                  **FOURTH COUNTERCLAIM**

6      (Declaratory Judgment of Invalidity of Trademarks – Abandonment By Naked Licensing)

7        78.    Asembia repeats and realleges each of the foregoing allegations as if fully set forth

8   herein.

9        79.    Upon information and belief, and based on the trademark licenses produced by

10   Adherence in this action, Adherence has abandoned the Alleged Morisky Marks through systematic

11   naked and unsupervised licensing of the Alleged Morisky Marks to third parties.

12        80.    Asembia is likely to be damaged by the continued assertion of the Alleged Morisky

13   Marks against Asembia in this proceeding, because these marks serve as a basis for meritless

14   allegations against Asembia.

15        81.    Asembia is therefore entitled to a declaratory judgment that the Alleged Morisky

16   Marks have been abandoned due to Adherence's failure to exercise adequate quality control over

17   licensed third-party uses of those marks.

18                  **FIFTH COUNTERCLAIM**

19                  (Defamation Per Se)

20        82.    Asembia repeats and realleges each of the foregoing allegations as if fully set forth

21   herein.

22        83.    Adherence's actions as alleged herein constitute defamation. Adherence knowingly,

23   intentionally, recklessly and/or at least negligently published unprivileged, false and defamatory

24   statements of and concerning Asembia to third parties.

25        84.    Adherence's actions constitute defamation per se, because they impute to Asembia

26   a lack of fitness for its business, criminal acts, fraud, misrepresentation, dishonesty, and wanton

27   disregard for patients, among other denigrating accusations.

28

85.     Adherence's false and defamatory statements caused injury to Asembia's reputation, goodwill, and standing among those in the healthcare-related industries it serves, including the pharmacy industry, hospital and health systems, pharmaceutical and biotech manufacturers, physicians, and patients, accreditation organizations, and the general public.

86.     Based upon Adherence's tortious acts of defamation per se, Asembia is entitled to recover general, presumed damages to compensate for these harms caused by Adherence's false and defamatory statements.

87.     Adherence's actions were oppressive, fraudulent and/or malicious, and Asembia is entitled to recover an award of punitive damages.

## **PRAYER FOR RELIEF**

Wherefore, Asembia prays for judgment as follows:

A.     An order dismissing Adherence's First Amended Complaint with prejudice.

B.     Entry of judgment in favor of Asembia and against Adherence with respect to Asembia's counterclaims;

C.     An order cancelling Adherence's U.S. Trademark Registration No. 5,837,273;

D.     A judgment that Adherence's Alleged Morisky Marks are not valid and protectable trademarks of Adherence;

E.     General or presumed damages as a result of Adherence's false and defamatory per se publications about Asembia;

F.     Punitive damages for Adherence's oppressive, fraudulent and/or malicious defamation of Asembia;

G.     An injunction against continued defamation by Adherence;

H.     An award to Asembia of their attorney's fees, costs, and expenses; and

I.     Such other relief as the Court deems equitable and just.

1    Dated: July 2, 2025

2                                              EVANS FEARS SCHUTTERT MCNULTY
                                               MICKUS

3                                              */s/ Chad R. Fears*
                                               Chad R. Fears, Esq. (NBN 6970)
4                                              6720 Via Austi Parkway, Suite 300
                                               Las Vegas, Nevada 89119
5                                              Telephone:  702-805-0290
                                               Facsimile:  702-805-0291
6                                              Email: cfears@efsmmlaw.com

7                                              Jennifer Insley-Pruitt (*pro hac vice*)
                                               DECHERT LLP
8                                              Three Bryant Park
                                               1095 Avenue of the Americas
9                                              New York, NY 10036
                                               (212) 698-3500 (Telephone)
10                                             (212) 698-3599 (Facsimile)
                                               Email: jennifer.insley-pruitt@dechert.com
11
                                               Jeffrey S. Edwards (*pro hac vice*)
12                                             Luke M. Reilly (*pro hac vice*)
                                               Eric Rotteveel (*pro hac vice*)
13                                             DECHERT LLP
                                               Cira Centre, 2929 Arch Street
14                                             Philadelphia, PA 19104
                                               (215) 994-4000 (Telephone)
15                                             (215) 994-2222 (Facsimile)
                                               Email: luke.reilly@dechert.com
16
                                               *Attorneys for Defendants CVS*
17                                             *Pharmacy, Inc. and Asembia,*
                                               *LLC*
18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of:

**DEFENDANT ASEMBIA, LLC'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

was served on counsel of record this 2nd day of July, 2025, via email and first-class mail as follows:

Lex Tecnica, Ltd.
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145

Chris@lextecnica.com
Sam@lextecnica.com
nick@lextecnica.com
nick@lextecnica.com
Scott@lextecnica.com

_/s/ Faith Radford_
An Employee of Evans Fears Schuttert McNulty Mickus