UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADHERENCE,<br><br>    Plaintiff(s),<br><br>v.<br><br>CVS PHARMACY, INC., et al.,<br><br>    Defendant(s). | Case No. 2:24-cv-01590-JCM-NJK<br><br>**Order**<br><br>[Docket Nos. 74, 75, 76] |

    Pending before the Court are Defendants' motion for protective order, Docket No. 74, Defendants' motion to modify the scheduling order, Docket No. 75, and Defendants' motion to shorten time as to resolution of both, Docket No. 76. Given deficiencies with the motion practice, four supplements have been filed. Docket Nos. 79, 80, 82, 83. There is a lot wrong here.

    The Court starts with the emergency nature of the filings. The motions were filed shortly before midnight on July 2, 2025, seeking relief as to depositions scheduled for all of next week. Filing an emergency motion is highly disfavored generally, let alone on the eve of a holiday weekend.[1] Filing an emergency motion also comes with several required actions by the filer. For example, counsel for the movant was required to contact the undersigned's courtroom deputy to advise as to the filing of the emergency motion, Local Rule 7-4(d), which counsel did not do.[2]

---

[1] Like every other federal judge, the undersigned magistrate judge has a tall stack of matters in need of resolution. Filing motions for emergency relief unnecessarily disrupts the handling of those other matters. Making matters worse, the presentation of argument in emergency motion practice is often shoddy. The motions here do not appear to provide any argument as to why relief is warranted as to the individual deponents, fail to provide basic information (such as the disputed Rule 30(b)(6) deposition notices or a clear indication of the deposition schedule), and seek relief from the scheduling order without complying with Local Rule 26-3. The undersigned and her staff have now wasted half a day meant to be devoted to other matters to address this "emergency" instead.

[2] The Court is not listing all of the ways the emergency motion violated the procedural requirements established in the local rules. Counsel must carefully review the local rules to ensure compliance in the future.

1

The Court next addresses the conferral efforts. From supplements filed earlier today, it appears that the parties are still in the process of conferring on this dispute. Docket No. 80-1 at 2 (email exchanges up through 11:03 a.m. today, July 3, 2025). Of course, conferral efforts are meant to be concluded before a discovery motion is filed. It appears that counsel have now agreed as to the fact witness depositions, effectively mooting part of the pending motion for protective order. *See id.* It also appears that Plaintiff likely does not oppose moving the Rule 30(b)(6) depositions so long as the initial expert disclosure deadline is modified. *See id.* ("Agreeing to take these depositions off calendar entirely, without a ruling from the Court on any extension to the scheduling order, would severely prejudice our client").[3]

Given the circumstances, the Court denies the motion for protective order as moot as to the individual deponents and without prejudice as to the corporate deponents. To provide the parties with some breathing room to continue conferring and to file appropriate requests as necessary, the Court extends the initial expert disclosure deadline to July 25, 2025, and the rebuttal expert disclosure deadline to August 26, 2025. All other case management deadlines remain unchanged.

In light of the above, the motion for protective order (Docket No. 74) is **DENIED** as moot as to individual deponents and **DENIED** without prejudice as to corporate deponents. The motion to modify the scheduling order (Docket No. 75) is **GRANTED** in part and **DENIED** in part as stated above. The motion to shorten time (Docket No. 76) is **DENIED** as moot.

IT IS SO ORDERED.

Dated: July 3, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] It also appears from the emails that the parties may be interested in pursuing private mediation and may file a concurrent request to delay the depositions and stay the case. Such relief should presumably be sought from the Court with some cushion before the depositions are scheduled to take place. If the parties intend to seek this relief, they would be well-advised to do so in prompt fashion.

2